SMITH et al., Appellees,

v.

WHITLATCH & CO., Appellant.

[Cite as *Smith v. Whitlatch & Co.* (2000), 137 Ohio App.3d 682.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 99–P–0027.

Decided May 22, 2000.

*Peter C. Kratcoski* and *Phillip A. Kuri*, for appellees.

*Thomas L. Rosenberg*, for appellant.

---

NADER, Judge.

On January 8, 1999, appellees, Gerald Smith and Sally M. Smith, filed a complaint against appellant, Whitlatch & Co., alleging fraud, breach of contract, breach of express and implied warranties, negligence, and violations of Ohio condominium law and the Ohio Consumer Sales Practice Act ("CSPA"). The complaint arose out of a June 3, 1995 purchase contract executed by the parties for the sale of a condominium unit. The crux of the complaint was that the foundation of the condominium was cracking and that appellant attempted to conceal this defect.

The contract contained an arbitration clause, which specified:

"BUYER and SELLER agree that any controversy or claim arising out of, or related to this AGREEMENT, or the breach thereof, shall be settled by Arbitration in accordance with the Construction Industry Arbitration Rules and the Expedited Dispute Settlement Rules of the American Arbitration Association then in effect, unless the parties mutually agreed otherwise."

Appellant filed a motion to stay the proceedings pending arbitration. The trial court overruled the motion and determined that appellees' claim involved allegations of fraud in the inducement and rescission of the underlying contract, which were not subject to the arbitration clause. Appellant appeals and raises the following assignment of error:

"The trial court erred in denying appellant's motion pursuant to R.C. 2711.02 for a stay of proceeding and arbitration based on the arbitration clause in the condominium purchase agreement between the parties."

In its sole assignment, appellant raises two separate issues. In its first issue, appellant asserts that to defeat a motion to stay, a party must demonstrate that the arbitration provision was fraudulently induced. In its second issue, appellant asserts that the arbitration clause was broadly worded and applies to all claims presented in appellees' complaint. Appellees counter that a case cannot be referred to arbitration when a party claims fraud in the inducement, claims a violation of the CSPA, or requests a rescission of the contract. They further argue that arbitrators do not have jurisdiction to hear cases involving the CSPA. We will analyze appellant's issues concurrently.

As an initial matter, it must be noted that public policy in Ohio encourages the resolution of disputes through arbitration. *Kelm v. Kelm* (1993), 68 Ohio St.3d 26, 27, 623 N.E.2d 39, 40–41. Any uncertainty regarding the applicability of an arbitration clause should be resolved in favor of coverage. *Stehli v. Action Custom Homes, Inc.* (Sept. 24, 1999), Geauga App. No. 98–G–2189, unreported, 1999 WL 778382.

"To defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 692 N.E.2d 574, syllabus. "This is what is known as the *Prima Paint* doctrine, first set forth by the United States Supreme Court in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967), 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270." *Cross v. Carnes* (1998), 132 Ohio App.3d 157, 165, 724 N.E.2d 828, 833. Neither in their complaint nor in their response to appellant's motion for a stay did appellees allege that the arbitration provision was fraudulently induced. Thus, the arbitration provision is valid. Courts are not permitted to consider allegations that the general agreement containing the

arbitration provision is invalid when faced with valid broad arbitration clauses such as the one found in the instant case. *Id.* "If the agreement to arbitrate is not at issue, then the court must compel arbitration to proceed." *Windham Foods, Inc. v. Fleming Cos., Inc.* (May 2, 1997), Trumbull App. Nos. 96–T–5515 and 96–T–5519, unreported, 1997 WL 269387.

■ Appellees cite our holding in *Painesville Twp. Local School Dist. v. Natl. Energy Mgt. Inst.* (1996), 113 Ohio App.3d 687, 681 N.E.2d 1369, as authority for their argument that a claim cannot be referred to arbitration when a party argues that the entire agreement is void under Ohio law. We have expressly overruled that language from *Painesville Twp.* See *Windham, supra; Stehli, supra.* In *Stehli,* we addressed a case with an identical issue of whether an arbitrator could address a violation of the CSPA. We held that "there is nothing in R.C. Chapter 1345 to suggest that parties to a consumer transaction covered by the CSPA cannot agree to arbitrate such matters." *Id.* In the instant case, the parties bound themselves to settle any dispute through arbitration and did not except CSPA claims. Therefore, an arbitrator has the authority to decide CSPA claims under the agreement of the parties.

Appellant's assignment of error has merit. The judgment of the trial court is reversed, and this cause is remanded with instructions that the trial court stay proceedings pending arbitration.

*Judgment accordingly.*

FORD, P.J., and CHRISTLEY, J., concur.