OPINION
Defendant-appellant Schumacher Homes, Inc. [hereinafter appellant] appeals the May 18, 2001, Judgment Entry of the Stark County Court of Common Pleas which denied appellant's Motion to Stay the Proceedings Pending Arbitration. Plaintiffs-appellees are David G. Monahan and Karen A. Monahan [hereinafter appellees].
 STATEMENT OF THE FACTS AND CASE
On March 29, 2001, appellees filed a Complaint in the Stark County Court of Common Pleas. Appellees alleged that on or about October 28, 1998, they and appellant entered into a written contract for the construction of a new home. In the Complaint, appellees raised the following causes of action: breach of contract, breach of implied warranty, negligence, violation(s) of Ohio Consumer Sales Practices Act and slander of title. Appellees sought a declaratory judgment and money damages.
On April 27, 2001, appellant filed a Motion to Dismiss or, in the Alternative, to Stay Proceedings Pending Arbitration. Appellant's motion was made pursuant to Civ. R. 12(B) or in the alternative, R.C. 2711.02
and 2711.03. In the Motion, appellant argued that appellees' claims were subject to arbitration and the trial court should either dismiss the Complaint or stay the proceedings pending arbitration. On May 11, 2001, appellees responded, arguing that the limited warranty, which included an arbitration provision, could not take effect until the home was completed and the home was never completed. In the alternative, appellees argued that even if the arbitration clause were effective, it only bound the appellees to arbitrate disputes arising under the limited warranty. Appellees contended that the claims presented in the Complaint did not arise under the limited warranty.
On May 18, 2001, the trial court denied appellant's Motion. The trial court ordered appellant to answer the Complaint and ordered that the matter be set for trial immediately.[1] It is from the trial court's denial of appellant's motion that appellant presents this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT SCHUMACHER HOMES, INC.'S MOTION TO STAY THE COURT PROCEEDINGS WHERE THE PARTIES WERE BOUND BY A VALID ARBITRATION AGREEMENT.
In appellant's sole assignment of error, appellant contends that the trial court erred when it denied appellant's Motion to Stay Proceedings. However, before addressing the merits of this appeal, we must state that the proper standard of review for this case is the "abuse of discretion" standard. Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,410 (citing Bedford City School Dist. v. Trane Co. (Mar. 20, 1997), Cuyahoga App. No. 71024, unreported, 1997 WL 127194; Phillips v. LeeHomes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353, unreported, 1994 WL 50696). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Appellant's Motion for a Stay of Proceedings was brought pursuant to R.C. 2711.02 and R.C. 2711.03. The trial court summarily denied appellant's Motion. No explanation of the trial court's reasoning was expressed.
Revised Code 2711.02, as applicable to the case sub judice, states:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
Revised Code 2711.03, as applicable, states:
 The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. . . . If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with such agreement.
The Ohio Supreme Court has noted that the courts, both state and federal, and the legislature all favor arbitration. See ABM Farms, Inc.v. Woods (1998), 81 Ohio St.3d 498, 500.[2] In ABM Farms, Inc., supra, the Ohio Supreme Court held that "only when the making of the arbitration clause is itself at issue may the trial court proceed to try the action."ABM Farms, Inc., 81 Ohio St.3d at 501. "If the agreement to arbitrate is not at issue, then the court must compel arbitration to proceed." Smithv. Whitlatch Co. (2000), 137 Ohio App.3d 682, 685 (citing WindhamFoods, Inc. v. Fleming Cos., Inc. (May 2, 1997), Trumbull App. Nos. 96-T-5515 and 96-T-5519, unreported, 1997 WL 269387). "The scope of the power and authority of the arbitrator to determine all of the issues raised by the appellants in their complaint is left to the arbitration process. . . . If the arbitrator concludes that parts of the complaint are beyond the jurisdiction or authority of the arbitrator, they may be remanded to the trial court for further proceedings according to law.Bakula v. Schumacher Homes, Inc. (Feb. 26, 2001), Geauga App. No. 2000-G-2272, unreported, 2001 WL 179827.
However, arbitration is a matter of contract and parties cannot be required to submit to arbitration those disputes that they have not agreed to submit to arbitration. Cross v. Carnes (1998),132 Ohio App.3d 157, 165-166. The scope of an arbitration clause, that is whether a controversary is arbitrable under the provisions of a contract, is a question for the trial court to decide upon examination of the contract. Divine Constr. Co. v. Ohio-American Water Co. (1991),75 Ohio App.3d 311, 316. However, "[b]ecause of the policy favoring arbitration, . . . a clause in a contract providing for dispute resolution by arbitration should not be denied effect `unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. . . .'"Gibbons-Grable Co. v. Gilbane Bldg. Co. (1986), 34 Ohio App.3d 170,173, (quoting from Siam Feather Forest Products Co. v. Midwest FeatherCo. (S.D.Ohio 1980), 503 F. Supp. 239, 241, affirmed (C.A.6, 1981), 663 F.2d 1073). "Any doubts should be resolved in favor of coverage under the contract's arbitration clause." Independence Bank v. Erin Mechanical
(1988), 49 Ohio App.3d 17, 18. The stay should be issued if any of the issues raised are referrable to arbitration under a written agreement. See R.C. 2711.02; Austin v. Squire (1997), 118 Ohio App.3d 35, 37.
In the case sub judice, appellees do not contend that the arbitration provision is invalid. Rather, they argue that the Limited Warranty, in which the arbitration provision was found, had not yet taken effect. Appellees argue that the arbitration clause did not become effective until the home was completed. Appellees assert that the home was not completed. Lastly, appellees claim that even if the arbitration provision were in effect, they were only bound to arbitrate disputes arising from the Limited Warranty. Appellees contend that their claims do not arise from the Limited Warranty.
It is undisputed that on or about October 28, 1998, the parties entered a Purchase Agreement that included the following provision: "Purchasers understand that the obligations of Schumacher Homes, Inc. after the date of closing are expressly limited to obligations as set forth in the limited warranty of Schumacher Homes, Inc. Purchaser acknowledges receipt of a copy of said limited warranty." Purchase Agreement, Para. 5. The Limited Warranty stated that: "In the event that a dispute arises concerning the Limited Warranty or the performance of Builder [appellant] hereunder, the dispute shall be submitted to binding arbitration under the rules of the American Arbitration Association." Limited Warranty, page 2.
Appellees argue that the Limited Warranty was effective only after the construction of the home was completed. We disagree. Pursuant to the terms of the Limited Warranty, the provisions were effective upon closing. Appellee does not maintain that the closing did not occur. Therefore, we find that the Limited Warranty, as applicable through the Purchase Agreement, was in effect.
The next issue is whether any of the issues raised by appellant were covered by the Limited Warranty. The Limited Warranty states that the appellees are "entitled to have defects in the materials and/or workmanship supplied by Builder [appellant] repaired or replaced. . . ." Limited Warranty, page 1, para. 2. A review of the Complaint shows at least one claim related to the warranty or breach thereof. For example, appellees claim that the home was not constructed in a competent or workmanlike manner. Further, appellees contend that appellant failed to correct the deficient work pursuant to the terms of the written warranty. [3]
The terms of the purchase agreement and limited warranty involved in this case were recently reviewed by the Eleventh District Court of Appeals. In Bakula v. Schumacher Homes, Inc. (Feb. 26, 2001), Geauga App. No. 2000-G-2272, unreported, the court held that complaints such as presented in appellee's Complaint herein were subject to arbitration, pursuant to the purchase agreement and limited warranty language. While we recognize that the Bakula decision is not binding upon this court as precedent, we are in accord that the claims should be submitted to arbitration.
In conclusion, we find that the trial court abused its discretion in failing to stay the matter. Certainly at least one of the issues raised in appellees' Complaint was subject to a valid arbitration provision. Therefore, pursuant to R.C. 2711.02, R.C. 2711.03, and the State's policy to favor arbitration, the trial court should have granted the motion to stay. To fail to issue such a stay was an abuse of discretion.
Appellant's assignment of error is sustained.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceedings consistent to this Opinion. Costs to appellees.
Hon. Julie Edwards, P.J. Hon. John Wise, J. Hon. John Boggins, J. concurs.
[1] Any other facts relative to our discussion of the assignment of error shall be contained therein.
[2] This Court has previously stated that "[s]ince the policy of this State is to promote arbitration, we encourage dispute resolution through the use of arbitration as provided for in a contract whenever possible."Newell v. Marc W. Lawrence Building Corp. (May 8, 1995), Stark App. No. 94-CA-292, unreported, 1995 WL 507665. This Court concluded that if there were a valid, unwaived arbitration, the matter should be referred to arbitration. Id.
[3] In addition, appellees claimed that appellant breached the purchase agreement when it failed to complete construction of the home and failed to construct the home in a timely manner. The Complaint further alleged that appellant breached implied warranties, violated the CSPA through its breaches and actions and slandered the title to the home. Appellant sought monetary damages and a declaratory judgment.