DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas which denied a motion to stay trial for arbitration filed by appellants, Cynthia Floering, et al. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellants set forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF WHEN IT DENIED PLAINTIFF'S MOTION TO STAY THE TRIAL PURSUANT TO R.C. § 2711.02."
The following facts are relevant to this appeal. This case involves a one vehicle accident which occurred on April 18, 1998, and resulted in the death of appellants' decedent, Austin Floering. Appellee, EMC Hamilton Mutual Insurance Company, is the insurer of the McDonald's Restaurant where the decedent was employed prior to his death. The trial court granted appellants' motion for summary judgment on the issue of coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660 . The trial court denied appellants' motion to stay trial for arbitration. Appellants filed a timely notice of appeal.
Preliminarily, this court notes that appellants have attached to their appellate brief certain exhibits which were not before the trial court when that court rendered its decision that gave rise to this appeal.[1]
It is well established that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v.Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. We are bound to decide this appeal based on the record below and may not consider new evidence that was not a part of the trial court proceedings. Papadelis v. First Am. Sav. Bank (1996),112 Ohio App.3d 576, 581. Because these exhibits were not part of the record in this matter when the trial court rendered its judgment, this court cannot consider them on appeal.
In their assignment of error, appellants argue that the trial court erred in denying their motion to stay trial for arbitration. This court finds no merit in this assignment of error.
Despite the strong public policy encouraging the enforcement of arbitration clauses, see, Smith v. Whitlatch Co. (2000),137 Ohio App.3d 682, 684, a court may refuse to enforce such a clause if a party waives the right to arbitration. Griffith v. Linton (1998),130 Ohio App.3d 746, 750. A waiver can either be expressed or implied depending on the circumstances of a particular case. Id. at 751. A trial court's determination that a party has or has not waived its right to arbitrate will not be reversed absent an abuse of discretion. ACRS,Inc. v. Blue Cross Blue Shield of Minnesota (1998), 131 Ohio App.3d 450,456. An abuse of discretion connotes more than mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
This court concludes that appellants waived their right to arbitrate by their ten month delay in requesting arbitration and their course of conduct in the litigation. Consequently, the trial court did not abuse its discretion when it denied appellants' motion to stay trial for arbitration.
Accordingly, appellants' sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] Although these same exhibits were attached to appellants' motion for reconsideration of the trial court's denial of the motion to stay, they were not before the trial court when the trial court rendered its decision denying the motion to stay and appellants have not appealed from the denial of their motion for reconsideration.