DECISION.
Defendant-appellant, Community Insurance Company, d.b.a. Anthem Blue Cross and Blue Shield ("Anthem"), appeals the judgment of the Hamilton County Court of Common pleas denying its motion to stay proceedings pending arbitration in a breach-of-contract action filed by plaintiff-appellee, Oncology Division of UIMA, Inc., d.b.a. Oncology/Hematology Care, Inc. ("OHC"). For the following reasons, we affirm the trial court's judgment.
Prior to 1999, Anthem and OHC had entered into a contract (the "Provider Agreement"), pursuant to which Anthem was obligated to reimburse OHC for certain covered surgical services and radiation therapy provided to persons insured by Anthem. Under the Provider Agreement, the parties were obligated to follow Anthem's "provider appeal" procedure to resolve any dispute arising out of the agreement. If that procedure was not successful, the parties were required to "meet to attempt to resolve the dispute." If those efforts were unsuccessful, the Provider Agreement provided that "[t]he dispute will be resolved through arbitration."
In the fall of 1999, OHC disputed Anthem's refusal to pay a number of claims totaling approximately $1.3 million. In December 1999, the parties entered into a second contract (the "1999 Agreement") pursuant to which the parties agreed "to use good faith efforts to agree how the Disputed Claims are to be adjudicated/readjudicated and whether payment and/or additional payment is due to OHC." The 1999 Agreement did not mention arbitration, and the parties specifically reserved "all rights to enforce the terms of this Agreement." And though it referred to the Provider Agreement, the 1999 Agreement included a clause stating that "[t]his Agreement contains the entire agreement by and between the Parties and the terms of the Agreement are contractual, not a mere recital."
In August 2001, OHC filed a complaint in the common pleas court alleging that Anthem had "breached its obligations under the [1999] Agreement to act in good faith and to cooperate with OHC in resolving the Disputed Claims." Specifically, OHC alleged that Anthem had failed to compile data that would have allowed the parties to resolve the disputed claims and had failed to make documents and employees available to OHC to assist OHC in resolving the claims.[1] In its complaint, OHC sought damages as well as specific performance of the 1999 Agreement. At the time OHC filed suit in the common pleas court, arbitration of the disputed claims under the Provider Agreement had begun.
In September 2001, Anthem filed a motion to stay the proceedings pending arbitration and to dismiss the tortious-interference count against Paragon Health System, LTD. The trial court overruled both motions.
In a single assignment of error, Anthem now claims that the trial court erred in overruling its motion to stay the proceedings pending arbitration. Before we address the assignment of error, though, we must first address OHC's contention that the trial court's judgment did not constitute a final appealable order.
R.C. 2711.02(C) states that "an order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal * * *." Notwithstanding this language, OHC argues that, to make the order final and appealable, the trial court had to first make a threshold finding, pursuant to R.C. 2711.02(B), that the matter was referable to arbitration. We are not persuaded by this argument. R.C. 271102(B) states that the trial court "shall" grant a stay upon application if the matter is referable.[2] Therefore, a finding that the matter is referable would necessitate the grant of a stay.[3] But because a denial of the stay is also contemplated under the statute, the trial court would, in the event of such a denial, necessarily conclude that the matter was not referable. Both the grant and the denial of a stay are appealable under subsection (C), and we therefore reject OHC's argument that the trial court must find the matter to be referable as a prerequisite to immediate appeal.
OHC next argues that the judgment was not a final appealable order because Anthem had filed a motion to stay the "proceedings" rather than a motion to stay the "trial" as provided for in R.C. 2711.02. While we acknowledge that there is a distinction between a stay of trial and a stay of all proceedings, we believe it would be hypertechnical to say that the terminology used by Anthem in its motion, and by the trial court in denying the motion, vitiated the judgment's status as a final appealable order. Accordingly, we overrule OHC's motion to dismiss the appeal.
We now turn to the merits of Anthem's assignment of error. Anthem claims that the dispute in the instant case arose from the Provider Agreement and that it therefore was subject to the arbitration clause. OHC contends that the issues before the trial court related only to the 1999 Agreement, which did not contain an arbitration clause. Therefore, OHC argues, the trial court properly denied the motion to stay the proceedings.
We agree with OHC's position. It is the policy of the law to favor and encourage arbitration.[4] But arbitration is nonetheless a matter of contract, and despite the strong policy in its favor, a party cannot be compelled to arbitrate any dispute that he has not agreed to submit.[5]
The courts have therefore been careful to require arbitration only where the parties have agreed to it.
In Teramar, a franchise agreement between two corporations contained an arbitration clause, whereas a guaranty of payments due under the franchise agreement signed by the president of the franchisee corporation did not contain such a clause.[6] The Eighth District Court of Appeals held that a dispute concerning the guaranty agreement was not subject to arbitration even though the underlying franchise agreement provided for arbitration of "any controversy or claim arising out of or relating to this agreement or the breach thereof."[7]
Similarly, in Honchul v. Driver's Mart of Cincinnati,[8] the Twelfth District Court of Appeals held that a contract without an arbitration clause was not subject to arbitration. In Honchul, the parties entered into a purchase agreement for an automobile, as well as a financing agreement and an agreement for insurance.[9] Only the purchase agreement contained an arbitration clause, which stated that any controversy or claim "arising out of or relating to this Purchase Agreement" was to be settled through arbitration.[10] When a dispute arose from the financing and insurance agreements, the defendants argued that the dispute was covered by the arbitration clause.[11] The court rejected that argument and expressly declined to "take an expansive view of the phrase `relating to this Purchase Agreement' so that any controversy in any way related to the purchase of the automobile is covered by the arbitration clause."[12]
We hold these cases to be controlling in the instant case. In the case at bar, the 1999 Agreement did not contain a clause requiring arbitration; on the contrary, it contained a clause in which the parties expressly reserved the right to file suit. Although the 1999 Agreement referred to the Provider Agreement, the earlier agreement was not incorporated by reference. In fact, the 1999 Agreement contained an integration clause explicitly stating that the contract contained the "entire agreement" of the parties.
Moreover, the allegations in OHC's complaint related only to the 1999 Agreement and not to the Provider Agreement. OHC alleged that Anthem had breached the 1999 Agreement by failing to provide access to personnel and materials as it had allegedly promised to do under the 1999 Agreement. OHC made no claim concerning the disputed payments covered under the Provider Agreement. Also, in its complaint, OHC sought relief only as to the 1999 agreement. Specifically, it sought specific performance of the agreement and damages flowing from the alleged breach of the agreement. It did not demand damages arising from the breach of the Provider Agreement or otherwise ask the court to determine the validity of the disputed claims under the Provider Agreement.
Anthem cites a federal appellate case[13] for the proposition that arbitration is required if the allegations underlying the claims "touch matters" covered by the arbitration clause, even if the claims are not explicitly governed by the clause. We find the above-cited Ohio cases to be more cogent. If the parties had intended the disputes arising from the 1999 Agreement to be subject to arbitration, they certainly could have specified so in the agreement itself. Instead, they failed to include such a provision, and, through the integration clause, explicitly foreclosed the implication that the arbitration clause of the Provider Agreement would control. Although Anthem would have this court re-write the contract to require arbitration, we refuse to do so.[14] We hold that the trial court properly denied Anthem's motion to stay the proceedings pending arbitration. Accordingly, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Painter, P.J., and Doan, J., concur.
Please Note:
The court has recorded its own entry on the date of the release of this Decision.
[1] The complaint also included a claim for tortious interference with a contract against Paragon Health System, LTD., a company that provided administrative services to Anthem. Paragon is not a party to the instant appeal.
[2] There is an exception if the party requesting the stay is in default in the arbitration proceedings.
[3] See Smith v. Whitlatch Co. (2000), 137 Ohio App.3d 682, 684-685,739 N.E.2d 857 (where the matter is governed by an arbitration clause, a motion to stay under R.C. 2711.02 can be defeated only by demonstration that the arbitration clause was fraudulently induced).
[4] Brennan v. Brennan (1955), 164 Ohio St. 29, 128 N.E.2d 89, syllabus.
[5] Teramar Corp. v. Rodier Corp. (1987), 40 Ohio App.3d 39, 40,531 N.E.2d 721.
[6] Id. at 40-41, 531 N.E.2d 721.
[7] Id. at 39, 531 N.E.2d 721.
[8] (Mar. 5, 2001), 12th Dist. No. CA2000-09-021.
[9] Id.
[10] Id.
[11] Id.
[12] Id.
[13] Genesco, Inc. v. Kakiuchi Co., Ltd. (C.A.2, 1987), 815 F.2d 840,847. See, also, Fleet Tire Service v. Oliver Rubber Co. (C.A.8, 1997),118 F.3d 619.
[14] Anthem states that OHC filed the instant case in an attempt to gain discovery in the arbitration of the dispute arising from the Provider Agreement. As we have noted, though, the issues in the instant case, as framed by the complaint, are distinct from the issues arising from the Provider Agreement. We therefore reject the implication that OHC will be permitted, through the instant proceedings, to circumvent the rules governing discovery in the arbitration proceeding. In any event, it is not in our power to impose a requirement of arbitration where the parties have not agreed to one.