OPINION
{¶ 1} Defendant-appellant, Nick Gordon d.b.a. Cornerstone Homes (hereinafter "Gordon"), appeals the judgment of the Van Wert Municipal Court, Small Claims Division, which determined that Gordon breached a purchase agreement with plaintiffs-appellees, Richard and Lisa Bowman.
 {¶ 2} On August 22, 2003, Richard and Lisa Bowman (hereinafter "the Bowmans") entered into an agreement with Cornerstone Homes, LLC to purchase a manufactured home. The home was delivered to the Bowmans' lot on September 9, 2003 and set up on September 11, 2003. The Bowmans paid the purchase price of $55,600 in full on September 23, 2003.
 {¶ 3} On August 20, 2004, the Bowmans filed suit against Gordon, d.b.a. Cornerstone Homes, alleging that Gordon had failed to landscape their property as obligated by the purchase agreement. Following a trial on September 22, 2004, the trial court determined that Gordon breached the purchase agreement, granted judgment in favor of the Bowmans and awarded the Bowmans $1500 in compensatory damages.
 {¶ 4} It is from this decision that Gordon appeals and sets forth four assignments of error for our review. For clarity of analysis, we will address Gordon's arguments out of order.
 ASSIGNMENT OF ERROR NO. IV The trial court erred in not compelling arbitration, pursuant to thearbitration agreement entered into by appellee Richard J. Bowman andCornerstone Homes, LLC.
 {¶ 5} In this assignment of error, Gordon contends that the action herein was never properly before the trial court. Rather, Gordon asserts that the parties had previously entered into an arbitration agreement which provided that arbitration "shall be mandatory and not permissive." Therefore, Gordon argues that the trial court should have ordered the parties to submit to arbitration.
 {¶ 6} Generally, public policy in Ohio encourages the resolution of disputes through arbitration. Smith v. Whitlatch Co. (2000),137 Ohio App.3d 682, 684. Despite the strong public policy encouraging enforcement of arbitration clauses, a trial court may refuse to enforce an arbitration clause if a party waives his right to arbitrate a dispute. Griffith v. Linton (1998), 130 Ohio App.3d 746, 750. A party can waive his right to arbitrate under an arbitration clause by filing a complaint. Rock v. Merrill Lynch, Pierce, Fenner Smith, Inc.
(1992), 79 Ohio App.3d 126, 128. When a complaint is filed, the opposing party can save the right to arbitrate by seeking enforcement of the arbitration clause. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 412. Enforcement of an arbitration clause is sought by filing a motion with the trial court to stay the proceedings pending arbitration. R.C. 2711.02.
 {¶ 7} Pursuant to R.C. 2711.02, a court may stay trial of an action "on application of one of the parties" if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration and (2) the court is satisfied the issue is referable to arbitration under the written agreement. Emphasis added. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver of arbitration. Austin v. Squire (1997),118 Ohio App.3d 35, 37; Mills v. Jaguar-Cleveland Motors, Inc.
(1980), 69 Ohio App.2d 111, 113.
 {¶ 8} In the case sub judice, the Bowmans filed a complaint against Gordon, thereby waiving their right to arbitrate. Review of the record, however, provides no evidence that Gordon ever moved the trial court, pursuant to R.C. 2711.02, for a stay of the proceedings and referral to arbitration until almost one month after judgment had been rendered in favor of the Bowmans. We find that Gordon's failure to timely request a stay constituted a waiver of arbitration.
 {¶ 9} Gordon's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in finding that the appellant breached theagreement with appellees.
 {¶ 10} In this assignment of error, Gordon asserts that the plain language of the purchase agreement with the Bowmans did not include landscaping of the Bowmans' lot and that the trial court erred by dismissing the plain language in favor of an interpretation which included a duty to landscape. Therefore, Gordon contends that the trial court erred in concluding he breached a duty to landscape the Bowmans' lot because no such duty existed.
 {¶ 11} "When addressing matters of contractual interpretation involving questions of law, appellate review is de novo." Timmotors,Inc. v. Lima Ford, Inc. (Aug. 16, 2001), 3d Dist. No. 1-2000-11, 2001-Ohio-2138. It is under this standard of review that we address Gordon's arguments. We further note that Evid.R. 101(C)(8) specifically excludes small claims proceedings from the rules of evidence and that the trial court was not constrained by these formal rules in determining that the Bowmans carried their burden of proof. However, some reliable evidence is still required in order to prove a claim in small claims proceedings. Ray v. White (June 29, 1984), 12th Dist. No. CA84-01-003.
 {¶ 12} The agreement the Bowmans entered into for the purchase of a manufactured home from Cornerstone Homes, LLC included the following clause:
The property passing under this contract shall include the followingnow on the premises, in their present physical condition: all buildings,fixtures, electrical, heating, plumbing, kitchen and bathroom fixtures,curtain and drape rods, all landscaping and range, refrigerator,dishwasher.
 {¶ 13} "Landscaping" is not further defined, nor does it appear again in the purchase agreement. The purchase agreement does acknowledge, however, that it "constitutes the entire agreement" between the parties.
 {¶ 14} At trial, Richard Bowman testified that once the house was set the lot was graded. After the lot was graded, Richard asked Gordon about the finish landscaping, which, as Bowman interpreted it, should be "fill dirt, grass seeding, straw on," but Gordon told him that was not going to be done. Richard further testified as follows:
Court: Are there any other repairs that — do you have a picture ofanything that was shown to you, or represented to you, in terms of thequality or type of landscaping that would be done?
 Richard Bowman: No, there wasn't.
 Court: So all you got is his statement that — in the contract that saysall landscaping?
 Bowman: I talked to professional landscaping . . .
 Court: No. No.
 Bowman: Oh, I'm sorry.
 Court: You got pictures or anything else that would tell me what alllandscaping means?
 Bowman: No.
 Court: Because landscaping, as you're well aware, can be anything fromtrees and shrubs — I mean, at a minimum it's seeding grass in the fall,but that's the minimum. Do you have anything to show that it was morethan that?
 Bowman: No.
 Court: Did you expect anything more than that?
 Bowman: No, I didn't. I expected at least the grass seeded —
 Court: You just expected a lawn —
 Bowman: A lawn that's leveled —
 Court: — to be —
 Bowman: — out.
 Court: All right.
 {¶ 15} Richard also testified that he purchased 300 pounds of grass seed at $1.99 per pound and seeded the lawn himself. Richard estimated that, including his labor, it cost approximately $1400 to $1500 to seed his lawn.
 {¶ 16} Gordon, on the other hand, testified that the Bowmans' lawn was not seeded because it was not included in the purchase agreement. Gordon stated that, pursuant to the agreement, only what was on the property when the agreement was signed was included and that a seeded lawn was not part of the "present physical condition" of the property when the Bowmans signed the agreement.
 {¶ 17} Following the presentation of the evidence, the trial court found in favor of the Bowmans and awarded damages in the amount of $1500. For the following reasons, however, we hold that the trial court erred in granting judgment in favor of the Bowmans.
 {¶ 18} First, although the term "landscaping" is not defined in the purchase agreement, the plain language of the relevant clause indicates that the only "landscaping" that passes under the contract is that which is "now on the premises, in [its] present physical condition." Emphasis added. From the evidence adduced at trial, it is undisputed that a seeded lawn was not on the premises when the Bowmans entered into the purchase agreement.
 {¶ 19} Next, the only evidence that a lawn was to be seeded on the Bowmans' lot was the testimony of Richard Bowman that he believed the lawn would be seeded. There was no testimony, however, that this belief was based on the purchase agreement or any representations that Gordon or Cornerstone Homes, LLC made to him. On the contrary, when Richard Bowman asked Gordon about the lawn, Gordon told Bowman that none of it would be done.
 {¶ 20} Based on the plain language of the purchase agreement, we find that a seeded lawn was not included in the purchase of the Bowman's manufactured home. Therefore, we find the trial court erred in finding Gordon breached the agreement by failing to provide a seeded lawn because, pursuant to the purchase agreement, he never had a duty to do so. Accordingly, the judgment of the trial court is hereby vacated.
 {¶ 21} Gordon's second assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. I The trial court erred in rendering judgment against appellant NickGordon, d.b.a. Cornerstone Homes, because the agreement was entered intoby Cornerstone Homes, LLC.
 ASSIGNMENT OF ERROR NO. III The trial court erred in awarding appellees fifteen hundred dollars indamages for the breach of contract.
 {¶ 22} Considering our disposition of Gordon's second assignment of error and our conclusion that Gordon did not breach the purchase agreement entered into with the Bowmans, we find the first and third assignments of error to be moot. Accordingly, the remaining assignments of error are overruled.
 {¶ 23} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Rogers and Shaw, J.J., concur.