OPINION
{¶ 1} The plaintiff-appellant, Elite Home Remodeling ("Elite"), appeals the August 1, 2006 Journal Entry overruling Plaintiff-Appellant's Motion to Stay Proceedings Pending Arbitration.
 {¶ 2} On June 27, 2005, Elite filed a complaint claiming there was a breach of contract in Franklin County, Ohio which was transferred to Union County, Ohio on November 9, 2005. On December 6, 2005, defendant-appellee, Theresa Lewis ("Lewis"), filed her answer and counterclaim alleging fraudulent misrepresentation and violations of Ohio Consumer Sales Practices Act. On January 3, 2006, Elite filed a reply to Lewis' counterclaim with a jury demand.
 {¶ 3} On May 3, 2006, Lewis filed her disclosure of witnesses and on May 11, 2006, she objected to Elite's witnesses because they had not been timely filed. On June 21, 2006, Elite filed a motion for voluntary dismissal due to the prejudice it would suffer since its witnesses were to be excluded from the trial. On June 26, 2006, Elite's motion was sustained and the court stated that Elite's cause of action would not be saved for hearing or refiling at a later time. On July 19, 2006, Elite's complaint was dismissed without prejudice.
 {¶ 4} On July 31, 2006, Elite filed a motion to stay proceedings pending arbitration because the contract signed by the parties stated that any disputes about payment should be arbitrated by the Ohio Better Business Bureau. On August 1, *Page 3 
2006, the Court of Common Pleas in Union County, Ohio overruled the motion to stay proceedings pending arbitration. On August 18, 2006, Elite filed a motion for leave to file an omitted counterclaim with memorandum in support. On August 21, 2006, the trial court overruled the motion for leave. On August 25, 2006, Elite filed a notice of appeal.
 {¶ 5} On September 13, 2006, this Court filed a Journal Entry to determine whether the appeal should be dismissed for lack of jurisdiction. This Court found that judgment denying leave to assert a counterclaim was interlocutory and not subject to appeal; however, we found that the judgment refusing to stay proceedings pending arbitration was a final order subject to immediate appeal.
 {¶ 6} Therefore, the following sole assignment of error is before us for review:
 THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF-APPELLANT'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION.
 {¶ 7} Generally, an appellate court reviews a trial court's decision to grant a stay pending arbitration under an abuse of discretion standard. Peters v. Columbus Steel Castings Co., Franklin App. No. 05AP-308, 2006-Ohio-382, at ¶ 11, quoting Council of Smaller Enterprisesv. Gates, McDonald Co. (1998), 80 Ohio St.3d 661, 665. Under this standard, the decision of the trial court will not be reversed unless the trial court has abused its discretion. The term "abuse of *Page 4 
discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 8} Generally, public policy in Ohio encourages the resolution of disputes through arbitration. Smith v. Whitlatch Co. (2000),137 Ohio App.3d 682, 684, 739 N.E.2d 857. Arbitration is encouraged as a method of settling disputes. See Williams v. Aetna Fin. Co. (1998),83 Ohio St.3d 464, 700 N.E.2d 859. "A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected." Id. at 471, 700 N.E.2d 859.
 {¶ 9} Despite the strong public policy encouraging enforcement of arbitration clauses, a trial court may refuse to enforce an arbitration clause if a party waives his right to arbitrate a dispute. Griffith v.Linton (1998), 130 Ohio App.3d 746, 750, 721 N.E.2d 146. A party may waive his right to arbitrate under an arbitration clause by filing a complaint. Rock v. Merill Lynch, Pierce, Fenner Smith, Inc. (1992),79 Ohio App.3d 126, 128, 606 N.E.2d 1054. When a complaint is filed, the opposing party can save the right to arbitrate by seeking *Page 5 
enforcement of the arbitration clause. Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 412, 701 N.E.2d 1040. Enforcement of an arbitration clause is sought by filing a motion with the trial court to stay the proceedings pending arbitration. R.C.2711.02.
 {¶ 10} Pursuant to R.C. 2711.02, a court may stay trial of an action "on application of one of the parties" if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration and (2) the court is satisfied the issue is referable to arbitration under the written agreement.
 {¶ 11} The arbitration provision found in the contract between the parties states:
 Payment
 It is expressly agreed and understood by Owner that upon completion of work, all payments due to the Contractor, including any payments for additional work authorized by the Owner, shall be paid in full, in the event Owner fails to make all such payments due, then such failure shall constitute a breach of this contract and shall discharge the Contractor's obligation to perform any warranty or other service with regard to the work performed. Further, in the event the Contractor institutes collection proceedings against the Owner as a result of Owner's breach of the Contract, then it is expressly agreed that the Contractor shall be entitled to recover all such sums due pursuant to this contract, plus all reasonable costs incurred in the collection of such sums due, including reasonable attorney fees incurred by the Contractor. Owner further agrees that the property will not be sold or transferred until full payment of this contract has been made. *Page 6 
 This contract constitutes the complete and entire understanding of the parties and no other understanding, VERBAL OR OTHERWISE, shall be binding unless agreed to in writing by both parties. Any dispute or claim arising from this contract shall be settled through the arbitration procedure of the Columbus Better Business Bureau. * * *
 {¶ 12} In this case, Elite filed the complaint against Lewis, thereby waiving their right to arbitrate. Review of the record, provides no evidence that Lewis ever moved the trial court, pursuant to R.C.2711.02, for a stay of the proceedings and referral to arbitration. Rather, the record shows that Elite tried to file a motion with the trial court for a stay of the proceedings pending arbitration only after its complaint had been voluntarily dismissed and only after Elite had continued with the litigation for six months.
 {¶ 13} Accordingly, we find that the trial court did not err in overruling Elite's motion to stay proceedings pending arbitration because it had waived its right to arbitrate when it filed the complaint and proceeded with litigation against Lewis. Therefore, Elite's sole assignment of error is overruled and the August 1, 2006 Journal entry overruling Plaintiff-Appellant's Motion to Stay Proceedings Pending Arbitration is affirmed.
Judgment affirmed.
 ROGERS, P.J., and PRESTON, J., concur. *Page 1