[Cite as *Koudela v. Johnson & Johnson Custom Builders, L.LC.*, 2017-Ohio-9331.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

NICHOLAS KOUDELA, et al.,               :          **O P I N I O N**

          Plaintiffs-Appellants,         :

          - vs -                             :          **CASE NO. 2017-L-024**

JOHNSON & JOHNSON                       :
CUSTOM BUILDERS, LLC, et al.,

          Defendants-Appellees.          :


Civil Appeal from the Lake County Court of Common Pleas, Case No. 2016 CV 000895.

Judgment: Affirmed.


*Jay F. Crook,* Shryock, Crook & Associates, LLP, 30601 Euclid Avenue, Wickliffe, OH 44092 (For Plaintiffs-Appellants).

*Jeffrey A. Ford* and *Jason L. Fairchild,* Andrews & Pontius, L.L.C., 4817 State Road, #100, P.O. Box 10, Ashtabula, OH 44005 (For Defendants-Appellees).


COLLEEN MARY O'TOOLE, J.

{¶1} Appellants, Nicholas and Monica Koudela ("the Koudelas"), appeal from the January 17, 2017 judgment of the Lake County Court of Common Pleas, granting appellees', Johnson & Johnson Custom Builders, LLC, William J. Johnson, and Robert W. Johnson, motion to stay proceedings pending binding arbitration. Finding no error, we affirm.

**{¶2}** On January 7, 2015, the Koudelas entered into a construction contract for a single-family craftsman style home located in Willowick, Lake County, Ohio with a purchase price of $227,200.00.[1] The contract contained the following binding arbitration provision:[2]

**{¶3}** "22. ARBITRATION. Aside from warranty claims that shall be processed in accordance with the Limited Warranty procedure in Exhibit E, should any disputes arise between the parties as to the meaning or interpretation of this Agreement or the Contract Documents, or as the result of any controversy which may arise by virtue of the construction of the Dwelling, and the parties are unable between themselves to resolve such disputes, it is mutually agreed that the parties will submit all disputes to binding arbitration in Cleveland, Ohio, through Construction Industry Arbitration Rules of the Ohio Arbitration and Mediation Center ('OAMC'), or a similar Alternative Dispute Resolution forum mutually accepted by the parties. The cost of such arbitration shall be borne by the party initiating the claim. The parties further agree and consent to the application of the Ohio Rules of Civil procedure to govern the scope and extent of discovery in preparation for such arbitration. Contractor and Owner hereby acknowledge that by agreeing to binding arbitration, they are waiving their right to a trail (sic) by jury." (Emphasis sic.)

**{¶4}** Disputes later arose regarding work performed under the contract. On May 27, 2016, the Koudelas filed a complaint against appellees alleging claims for fraud

---

1. The heading of the contract lists "Johnson & Johnson Builders." Johnson & Johnson Custom Builders, LLC is a limited liability company licensed to conduct business in Ohio and has two members, William and Robert Johnson. Johnson & Johnson Custom Builders, LLC apparently does business as (d.b.a.) Johnson & Johnson Builders.

2. The arbitration provision was initialed by the Koudelas indicating their agreement to binding arbitration and their waiver of their right to a jury trial. The construction contract was signed by the Koudelas and appellee William Johnson, as managing member of Johnson & Johnson Builders.

in the inducement (that appellee William Johnson, under the name of a fictitious entity, "Johnson & Johnson Builders" instead of "Johnson & Johnson Custom Builders, LLC," entered into the construction contract), breach of contract, negligence, conversion, unjust enrichment/detrimental reliance, and declaratory judgment (that the arbitration clause in the parties' contract is unenforceable).

{¶5} Appellees were granted leave and filed a Civ.R. 12(B)(6) motion to dismiss, or in the alternative, a motion to stay pending binding arbitration on August 5, 2016. Appellees stress that the contract has an arbitration provision in which the parties agreed to arbitrate disputes and give up their right to a trial by jury.

{¶6} The Koudelas filed a brief in opposition on September 2, 2016 on the grounds that appellees' failure to disclose the unregistered and fictitious nature of the contractor identified in the agreement amounts to fraud which prevented a meeting of the minds. As such, the Koudelas posit that the arbitration clause is void.

{¶7} Appellees filed a reply brief ten days later maintaining they are entitled to seek arbitration pursuant to the parties' agreement. Appellees point out that the alleged failure to disclose any unregistered and fictitious name prevents appellees as contractor from bringing an action but it does not prevent appellees as contractor from defending an action. Appellees also stress that the Koudelas have alleged that the contract was fraudulently induced but not that the arbitration clause itself was fraudulently induced.

{¶8} On January 17, 2017, the trial court denied appellees' Civ.R. 12(B)(6) motion to dismiss, based upon the parties' agreement to arbitrate in lieu of litigation, but granted appellees' alternative motion to stay proceedings pending binding arbitration pursuant to the terms of the contract finding that the arbitration provision is valid and

3

enforceable. The Koudelas filed a timely appeal asserting the following assignment of error:

{¶9} "The trial court committed reversible error in granting the stay of proceedings to Defendant-Appell[ees] when none of them were named parties to the contract containing the arbitration clause and the fictitious entity with whom the contract was made is not a party to the lawsuit."

{¶10} "Ohio and federal courts encourage arbitration to settle disputes. *Kelm v. Kelm* (1993), 68 Ohio St.3d 26, 27 * * *; *Southland Corp. v. Keating* (1984), 465 U.S. 1, 10 * * *. Our General Assembly also favors arbitration. R.C. 2711.02 requires a court to stay an action if the issue involved falls under an arbitration agreement[.]" (Parallel citations omitted.) *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500 (1998).

{¶11} "To defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." *Woods, supra,* at syllabus.

{¶12} "A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. 'The fraud relates not to the nature or purport of the (contract), but to the facts inducing its execution (* * *).' *Haller v. Borror Corp.* (1990), 50 Ohio St.3d 10, 14 * * *. In order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment. *Beer v. Griffith* (1980), 61 Ohio St.2d 119, 123 * * *." (Parallel citations omitted.) *Woods, supra,* at 502.

4

{¶13} In this case, as stated, appellee Johnson & Johnson Custom Builders, LLC is a limited liability company licensed to conduct business in Ohio and has two members, appellees William and Robert Johnson. The Koudelas entered into a construction contract for a single-family home which contained a binding arbitration provision. The heading of the contract lists "Johnson & Johnson Builders." Omitted from the heading were "Custom" and "LLC." *See generally Perk v. Tomorrows Home Solutions, L.L.C.,* 8th Dist. Cuyahoga No. 104270, 2016-Ohio-7784, ¶10 (There is no legal authority that a limited liability company must always use the LLC designation on its corporate documents in order for a contract with that company to be valid.) Page one, paragraph one of the contract indicates that the contractor is an "Ohio LLC." The arbitration provision was initialed by the Koudelas. The contract was signed by the Koudelas and appellee William Johnson, as managing member. Appellees also point out that William Johnson is designated as statutory agent on the Ohio Secretary of State website.

{¶14} The Koudelas have stressed that appellees did not properly register their trade name ("Johnson & Johnson Builders") with the state of Ohio at the time the contract was executed and, thus, the Koudelas were fraudulently induced to enter into a contract with an unregistered and fictitious entity.[3] However, there is no fictitious or nonexistent principal. Rather, appellee Johnson & Johnson Custom Builders, LLC is the principal. Johnson & Johnson Custom Builders, LLC has operated its business using the name "Johnson & Johnson Builders." In doing so, Johnson & Johnson Custom Builders, LLC does not create an entity distinct from Johnson & Johnson Custom Builders, LLC and remains liable for any obligations incurred while doing

---

3. Fraud in the inducement was alleged in count one of the Koudelas' complaint.

business under "Johnson & Johnson Builders." *See Oldendick v. Crocker*, 8th Dist. Cuyahoga No. 103384, 2016-Ohio-5621, ¶68, citing *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574-575 (1992) ("Doing business under another name does not create an entity distinct from the person operating the business."); *see also* R.C. 1329.01(A)(3) ("'Person' includes any individual, general partnership, limited partnership, limited liability partnership, corporation, association, professional association, limited liability company, society, foundation, federation, or organization formed under the laws of this state or any other state.")

**{¶15}** In further support of their position, the Koudelas have also pointed to R.C. 1329.10(B), which states:

**{¶16}** "(B) No person doing business under a trade name or fictitious name shall commence or maintain an action in the trade name or fictitious name in any court in this state or on account of any contracts made or transactions had in the trade name or fictitious name until it has first complied with section 1329.01 of the Revised Code and, if the person is a partnership, it has complied with section 1777.02 of the Revised Code, but upon compliance, such an action may be commenced or maintained on any contracts and transactions entered into prior to compliance."

**{¶17}** The Koudelas' reliance on R.C. 1329.10(B) is misplaced as appellees are not commencing or maintaining an action, but rather simply defending against the Koudelas' lawsuit. This court further points to subsection (C) of the foregoing statute, which states:

{¶18} "(C) An action may be commenced or maintained against the user of a trade name or fictitious name whether or not the name has been registered or reported in compliance with section 1329.01 of the Revised Code."

{¶19} Thus, the Koudelas' reliance on R.C. 1329.10 as a basis for finding the contract invalid and unenforceable has no merit.

{¶20} The Koudelas posit that the effect of fraud and the fictitious nature of the contracting party negate the arbitration clause. However, this court stresses that neither in the Koudelas' complaint nor in their brief in opposition to appellees' motion to dismiss/motion for stay did they allege that the *arbitration provision itself* was fraudulently induced. Thus, the arbitration provision is valid and enforceable. *Smith v. Whitlatch & Co.,* 137 Ohio App.3d 682, 684 (11th Dist.2000)*; Woods, supra,* at syllabus.

{¶21} It is clear that the Koudelas knew who to sue, i.e., Johnson & Johnson Custom Builders, LLC. Thus, it is the Koudelas' position that it is okay to sue Johnson & Johnson Custom Builders, LLC but it is not okay to enforce the contract and arbitration provision against Johnson & Johnson Custom Builders, LLC because the heading of the contract only lists "Johnson & Johnson Builders." Stated differently, the Koudelas seek judgment against Johnson & Johnson Custom Builders, LLC but the Koudelas do not want Johnson & Johnson Custom Builders, LLC to enforce the arbitration clause. The Koudelas cannot have it both ways.

{¶22} Lastly, at oral arguments, the Koudelas' attorney during rebuttal reiterated that the word "Custom" was missing from the contract heading. However, based on the facts in this case, such omission was not material. The Koudelas' attorney indicated the Koudelas did not perform any searches *beforehand* to see if any lawsuits had been filed

and did not do a routine search of the Ohio Secretary of State website. These facts further support that there was no fraud in the inducement. *Woods, supra,* at 502.

{¶23} Upon review, the trial court did not err in granting appellees' motion to stay proceedings pending binding arbitration in accordance with the parties' agreement and R.C. 2711.02.

{¶24} For the foregoing reasons, appellants' sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.