AUSTIN et al., Appellees,

v.

SQUIRE, Appellant.

[Cite as *Austin v. Squire* (1997), 118 Ohio App.3d 35.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006409.

Decided Jan. 29, 1997.

36

*Kenneth Austin and Jenny Austin, pro se.*

*Jim Squire, pro se.*

REECE, Judge.

Appellant, Jim Squire, appeals the decision of the Elyria Municipal Court awarding appellees, Kenneth and Jenny Austin, $1,900 on their breach of contract claim. We affirm.

I

On September 2, 1994, Kenneth and Jenny Austin allegedly entered into a contract with Jim Squire of Whitestar Construction. Squire apparently agreed to build the Austins a twelve-foot-by-twenty-foot garage for the sum of $4,500.

On June 9, 1995, the Austins filed a claim against Squire seeking $1,900 in damages for breach of contract. On September 6, 1995, the magistrate recommended judgment in the Austins' favor. Thereafter, Squire filed his objections to the magistrate's report, arguing that the court did not have jurisdiction to hear the case due to the arbitration clause contained in the alleged contract between the parties. The Austins responded to Squire's objections on September 28, 1995. The court then set the matter for further hearing regarding the issue of arbitration. After a February 6, 1996 hearing on the matter, the magistrate again found in the Austins' favor, determining that Squire's objection should be overruled because the arbitration clause was inapplicable.

Squire objected to the magistrate's decision on February 20, 1996, again arguing that the court lacked jurisdiction to hear the case because the agreement between the parties clearly provided for arbitration of "any controversy or claim arising out of or relating to" the contract. On February 23, 1996, the court

adopted the magistrate's report, concluding that Squire was not entitled to arbitration of the claim against him. Squire now appeals.

## II

According to App.R. 16(A)(3) and Loc. R. 13(2), a brief shall contain a statement of the assignments of error presented for review. Squire's brief contains no such statement. Pursuant to App.R. 12(A)(2), this court may disregard errors not separately assigned and argued in an assignment of error. *Akron v. Wendell* (1990), 70 Ohio App.3d 35, 46, 590 N.E.2d 380, 387. Although it is not in conformity with App.R. 16 and Loc.R. 13, we are able to ascertain from the text of the sole paragraph in Squire's brief that Squire claims that the trial court erred in determining that the case should not be referred to arbitration. We disagree.

R.C. 2711.01(A) provides:

"A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

Pursuant to R.C. 2711.02, a court may stay trial of an action "on application of one of the parties" if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement. When a party does not properly raise the arbitration provision of a contract before the trial court, he is deemed to have waived arbitration. *Jones v. Honchell* (1984), 14 Ohio App.3d 120, 122, 14 OBR 135, 137–138, 470 N.E.2d 219, 221–222. "[T]he right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R.C. 2711.02 by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." (Footnote omitted.) *Mills v. Jaguar–Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111, 113, 23 O.O.3d 142, 143–144, 430 N.E.2d 965, 967.

Review of the record does not indicate that Squire properly moved the trial court, pursuant to R.C. 2711.02, for a stay of the proceedings and referral to arbitration. Accordingly, Squire waived the arbitration provision in the contract at issue.

Furthermore, "[w]e have not been favored by the filing of a transcript of the trial court proceedings * * * [concerning the applicability of the arbitration clause], so we must accept the findings of fact of the trial court as they appear in

its journal entry of judgment as having been supported by the evidence, although we may disagree with the trial court's conclusions of law or its mixed conclusions of law and fact * * *." *Channel Dry, Inc. v. Haver* (1990), 70 Ohio App.3d 197, 201, 590 N.E.2d 868, 870. Without a transcript of the February 6, 1996 hearing, we cannot conclude the magistrate erred in finding that "the defendant did not execute the agreement," or that the "defendant committed fraud upon the plaintiffs." Likewise, we cannot hold the trial court erred in finding that "[t]his case does not involve a bona fide dispute. This case involves fraud in the inducement."

Where either a transcript of the proceedings or a statement of the evidence is necessary for the review of assigned errors and is omitted, the reviewing court has nothing to pass upon and thus must presume the validity of the lower court's proceedings. See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386. Due to the lack of a transcript in this case, we have no choice but to presume that the lower court's findings were supported by evidence presented during the February 6, 1996 hearing.

Squire's sole assignment of error is overruled.

## III

Appellant Jim Squire's assignment of error is overruled and the judgment of the Elyria Municipal Court awarding Kenneth and Jenny Austin $1,900 in damages is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and SLABY, J., concur.