PARK DEVELOPMENT GROUP, LLC et al.

v.

C & H PRODUCTIONS, INC. et al.

Court of Common Pleas of Ohio,
Summit County.

No. CV 98 11 4473.

Decided Aug. 23, 1999.

*John F. Hill,* for plaintiffs.

*Craig T. Conley,* for defendants.

TED SCHNEIDERMAN, Judge.

On July 16, 1999, one of the defendants, C & H Productions, Inc. ("C & H"), filed a motion to stay proceedings so that the issues in this case can be referred to arbitration as provided in the sales agreement between it and Park Development Group, LLC, one of the plaintiffs ("Park Development").

The sales agreement attached to the complaint contains an arbitration clause, paragraph 9, which provides:

"9. With the exception of Seller's right to declare default as per paragraph 5 above, any other dispute between the parties will be resolved by arbitration. Each party will appoint an impartial arbitrator. The parties will abide by a decision by a majority of the arbitrators. Each party will pay its own arbitrator. The parties will share the expense of the third arbitrator."

The sublease attached to the complaint also contains arbitration clauses, the pertinent part of which is contained in paragraph 29, which provides as follows:

"29. With the exception of the rights granted to Lessor in paragraphs 12 and 23, any other disputes between the parties, with reference to this Sublease will be resolved by arbitration. Each party will select an impartial and qualified arbitrator. The two arbitrators will then select a third impartial arbitrator. A decision by a majority of the arbitrators will resolve the dispute. Each party will pay its own arbitrator. The parties will share equally the expense of the third arbitrator."

R.C. Chapter 2711 is applicable, as the controversy arises out of a contract, and the arbitration clause applies.

R.C. 2711.01(A) provides:

"(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the

contract, * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."

R.C. 2711.02 provides:

"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

R.C. 2711.02 requires the court to stay an action if the issue is subject to an arbitration clause. *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 500, 692 N.E.2d 574, 576–577. Clearly, the Ohio General Assembly favors arbitration, and Ohio courts have consistently encouraged arbitration to settle disputes. See *Kelm v. Kelm* (1993), 68 Ohio St.3d 26, 27, 623 N.E.2d 39, 40; *ABM Farms v. Woods, supra.*

The arbitration clause is broad and unlimited as to the nature of the disputes, except C & H's right to declare a default. Such clause should be given a reading in favor of arbitration.

It appears that the plaintiffs do not dispute the above-cited principles, nor do they seriously argue against the application of the arbitration clause in the sales agreement, but they do argue that the scope of the arbitration clause is ineffective, since it excludes C & H's default. The latter contention has no merit.

The plaintiffs' main argument seems to be that C & H waived its right to arbitration by its delay, and by first filing motions, participating in discovery, and submitting itself to mediation, etc. Plaintiffs contend that the eight-month period between the filing of this action and C & H's request for arbitration was an excessive period, and C & H waived its right to request arbitration.

C & H first raised the request for arbitration by its motion on July 16, 1999, and in its answer filed the same date. After C & H was served with process, it took a leave, and then filed a motion for change of venue on January 6, 1999. This court denied that motion in its order filed February 10, 1999. Leave was then given to the defendants to file their answers. However, instead of filing an answer, the defendants filed a motion to dismiss and/or motion to strike and motion for more definite statement. These motions were not brought to this court's attention until after the settlement conference on June 10, 1998. The court then denied the motions and gave the defendants leave until July 16, 1999 to file an answer.

When considering the "waiver issue," another principle must be kept in mind, that is, the strong presumption of arbitrability when the contract contains an arbitration clause. *AT & T Technologies, Inc. v. Communications Workers of Am.* (1986), 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648; *Council of Smaller Ent. v. Gates, McDonald & Co.* (1998), 80 Ohio St.3d 661, 667, 687 N.E.2d 1352, 1356–1357.

It is important to restate the fact that the motion requesting arbitration was filed the same date as C & H's answer, which also contained the request for arbitration.

Upon review of the entire record, C & H did not waive its right to request arbitration, and since the arbitration request is not untimely, the motion should be granted. See *Harsco Corp. v. Crane Carrier Co.* (1997), 122 Ohio App.3d 406, 701 N.E.2d 1040; *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1992), 79 Ohio App.3d 126, 606 N.E.2d 1054. Contrast those cases with *Austin v. Squire* (1997), 118 Ohio App.3d 35, 691 N.E.2d 1085, in which the Lorain County Court of Appeals affirmed the trial court's finding that arbitration was waived when the request was made after the responsive pleading and after a magistrate's report.

IT IS ORDERED that the motion to stay proceedings is GRANTED.

IT IS FURTHER ORDERED that pending completion of the arbitration proceeding this case is STAYED.

FINALLY, IT IS ORDERED that the schedule rendered in the February 10, 1999 order is CANCELLED.

*Judgment accordingly.*