Third party defendant Blue Cross Blue Shield of Ohio ("BCBS") appeals from the judgment of the Lyndhurst Municipal Court which awarded Steven Hegbar compensatory and punitive damages in connection with BCBS's denial of coverage for a claim. For the reasons set forth below, we affirm.
On October 3, 1997, Meridia Hillcrest Hospital filed suit against Hegbar for $1,237.33 in connection with unpaid medical services. Hegbar filed a third party complaint against BCBS in which he asserted that he was insured by BCBS and that BCBS represented that coverage would be provided for the services at issue. Hegbar attached to this pleading a letter from the BCBS utilization management department which indicated that the department had reviewed the matter and determined that the "procedure is eligible for reimbursement [and payment would be] processed in accordance with the terms of this contract."
Meridia's collection action against Hegbar was tried to a magistrate on May 29, 1998. A judgment was rendered in favor of Meridia and Meridia eventually garnished Hegbar's wages pursuant to this judgment.
Hegbar's third party complaint was tried in a separate proceeding.[1] Following the hearing, the magistrate recommended that the court enter judgment against BCBS on Hegbar's third party complaint. The magistrate determined that BCBS denied Hegbar's claim pursuant to a pre-existing condition exclusion, but medical reports and documentation submitted to BCBS indicated that Hegbar had sustained a new injury. The magistrate further determined that BCBS acted with constructive malice which resulted in the garnishment of Hegbar's wages. The magistrate recommended that punitive treble damages be awarded.
On September 18, 1998, BCBS filed objections to the magistrate's opinion and decision in which it asserted that Hegbar's medical treatment was not subject to BCBS reimbursement because it stemmed from a pre-existing condition which was therefore excluded from coverage. BCBS submitted several affidavits in support of its objections.
On September 29, 1998, the trial court overruled the objections and entered judgment in accordance with the magistrate's recommendations. The court awarded Hegbar $1,237.33 in compensatory damages and $3,711.99 in punitive damages.
On October 13, 1998, BCBS moved for a new trial in which it asserted, inter alia, that Hegbar's testimony was a surprise, that the damages were entered as the result of passion or prejudice, and that the judgment was against the manifest weight of the evidence. The trial court denied this motion on November 5, 1998. BCBS now appeals and assigns three errors for our review.
BCBS's assignments of error state:
 THE TRIAL COURT ERRED IN FINDING A BREACH OF THE INSURANCE CONTRACT, AND IN AWARDING COMPENSATORY DAMAGES FOR SAID BREACH, WHERE THE EVIDENCE AND THE CLEAR, UNAMBIGUOUS LANGUAGE OF THE CONTRACT INDICATES THAT THERE WAS NO COVERAGE THEREUNDER.
 THE TRIAL COURT ERRED IN FINDING BAD FAITH, AND IN AWARDING PUNITIVE TREBLE DAMAGES, ATTORNEY FEES, AND OTHER EXEMPLARY RELIEF, WHERE THERE WAS NO TESTIMONY, EXHIBIT OR OTHER EVIDENCE TO SUPPORT A FINDING OF ACTUAL MALICE, FRAUD OR INSULT.
THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR A NEW TRIAL.
Because BCBS has not provided us with a transcript to exemplify these claimed errors, we are unable to evaluate their merit and are compelled to apply the presumption of regularity to the proceedings below.
An appellant is required to demonstrate the alleged errors in the record. App.R. 12(A)(2); App.R. 16(A)(7).
Further, App.R. 9(B) provides in relevant part as follows:
 If the appellant intends to urge on appeal that a finding is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusions.
In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, the Supreme Court stated:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * This principle is recognized in App.R. 9(B), which provides, in part that "(* * *) the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record (* * *)." * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
Accord Austin v. Squire (1997), 118 Ohio App.3d 35, 38.
In this appeal, BCBS is disputing the lower court's determination that Hegbar's claim was for a new injury and was not barred by the pre-existing condition exclusion. BCBS is therefore raising a factual issue on appeal. BCBS has presented only an App.R. 9(A) record of the court's original papers, however, and has not filed a transcript. Due to the lack of a transcript in this case, we have no choice but to presume that the lower court's findings were properly supported and that the assignments of error are without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CORRIGAN, J., and BLACKMON, J., CONCUR.
 ____________________________________ ANN DYKE ADMINISTRATIVE JUDGE
[1] Prior to this hearing, the parties were advised to retain a court reporter.