OPINION
In this accelerated calendar case, appellant, Rene Guerra, d.b.a. Amerispec Home Inspection Service, appeals from the judgment entered by the Mentor Municipal Court. The court denied appellant's motion to stay the proceedings pending arbitration.
Appellee, Julie Garvin, owns a condominium. Prior to purchasing the condominium, she was informed about problems with water accumulation in the heating ducts. She called appellant to inspect the heating ducts.
Appellant sent an employee to inspect Garvin's heating ducts. After the inspection, the employee presented Garvin with a contract for the services. Garvin was required to sign the contract as a condition to receiving the inspection report. This contract contained an arbitration clause.
Garvin became unhappy with the large amount of water in her heating ducts, and she filed this lawsuit. Appellant did not raise the arbitration clause as an affirmative defense in its answer.
A jury trial was set for April of 2001. In March of 2001, appellant filed a motion to stay the proceedings pending arbitration. The court denied this motion. Appellant now appeals from the trial court's decision denying its motion to stay the proceedings.
Appellant raises one assignment of error on appeal:
 "Whether the trial court erred as a matter of law when it denied appellant's motion to stay the proceedings and enforce the arbitration provision found in the parties' agreement."
 The standard of review for a decision to deny a motion to stay the proceedings pending arbitration is abuse of discretion.[1] "The term `abuse of discretion' connotes more than an error of law or judgement; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2]
Courts have held that when a defendant fails to plead arbitration as an affirmative defense in the answer and fails to move the court to stay the proceedings pending arbitration, they have waived the right to have the matter go to arbitration.[3] Conversely, courts have also held that when a defendant pleads arbitration as an affirmative defense and moves the court to stay the proceedings, the defendant has not waived arbitration.[4]
Appellant did not plead the arbitration clause as an affirmative defense in its answer. Civ.R. 8(C) provides that "arbitration and award" is a matter that must be affirmatively pled. Some courts have held that the defense that the matter should be in arbitration, pursuant to R.C.2711.02, should be affirmatively pled.[5] Other courts have held that the right to arbitrate is not an affirmative defense pursuant to Civ.R. 8(C).[6] "Arbitration and award" is not the same as the right to arbitrate under R.C. 2711.02. Therefore, a party who fails to plead the right to arbitrate as an affirmative defense has not, per se, waived the right to arbitrate. Pleading that the matter should be in arbitration is a fact that the trial court should consider under a totality of the circumstances analysis.
Failing to plead the issue of arbitration as an affirmative defense, standing alone, does not constitute a waiver. In McGuffey v.Lenscrafters, the defendant did not file an answer to the complaint, but instead filed a motion to stay the proceedings pending arbitration.[7]
The trial court granted the motion. The Twelfth Appellate District affirmed the judgment, holding that the defendant was not required to file an answer pleading the arbitration issue as an affirmative defense before filing a motion to stay pending arbitration.[8] We agree.
The defendant may file a motion to stay the proceedings pending arbitration pursuant to R.C. 2711.02. The Harsco Court has stated that:
 "The general assembly did not specify at what point in the litigation a party filing an application for stay needed to submit the application to preserve its right to arbitrate. Consequently, the judiciary is left to speculate, based on the totality of the circumstances, as to when an application for stay has been timely filed. An untimely application, whenever that time may be, has been interpreted as a waiver of the right to arbitrate."[9]
 Appellant filed its motion to stay the proceedings pending arbitration only a few weeks before trial. Since appellant had not pled the right to arbitrate as an affirmative defense, this was the first time the court or Garvin became aware of appellant's interest in arbitration. Whether this motion was timely is a very close call. The trial court probably could have ruled either way without abusing its discretion. We make no determination as to whether appellant's motion was timely filed, as we review this case only to determine if the trial court abused its discretion. Based on the facts, the trial court could have found that the motion was untimely. To do so is not an abuse of discretion.
Public policy supports the resolution of disputes through arbitration.[10] However, in Walker v. Aetna Fin. Co., the Supreme Court of Ohio stated that, "the presumption in favor of arbitration should be substantially weaker in a case such as this, when there are strong indications that the contract at issue is an adhesion contract, and the arbitration clause itself appears to be adhesive in nature."[11]
There are strong indications that the contract between appellant and Garvin was an adhesion contract. The contract contained boilerplate language. The contract was not presented to Garvin until after the services were performed. There was no meeting of the minds as to the terms of the contract prior to appellant's performance. Any meeting of the minds occurred subsequent to performance. Therefore, Garvin had little, if any, bargaining power over the terms of the contract.
In addition to the arbitration clause, the contract contained a clause that limited the liability of appellant to the amount of the contract, in this case $230. As Garvin notes, this remedy is inadequate, in that the cost of arbitration would be more than the remedy. Therefore, the trial court could have concluded that the arbitration clause of the contract was unconscionable.
The trial court did not explain its decision to deny appellant's motion to stay the proceedings pending arbitration. The trial court could have found that appellant had waived the right to arbitrate; or that the arbitration clause was unconscionable. Either finding would not be an abuse of discretion.
Appellant's assignment of error is without merit.
The judgment of the trial court is affirmed.
CHRISTLEY, J., NADER, J., concur.
[1] Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,410.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] See Austin v. Squire (1997), 118 Ohio App.3d 35.
[4] See Harsco Corp. v. Crane Carrier Co.,122 Ohio App.3d at 416.
[5] See Harsco and Austin, supra.
[6] Mabrey v. Victory Basement Waterproofing (1993),92 Ohio App.3d 8.
[7] McGuffey v. Lenscrafters (2001), 141 Ohio App.3d 44.
[8] Id. at 51.
[9] Harsco Corp v. Crane Carrier Co., 122 Ohio App.3d at 413.
[10] Smith v. Whitlatch Co. (2000), 137 Ohio App.3d 682, 684, citingKelm v. Kelm (1993), 68 Ohio St.3d 26, 27.
[11] Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 473.