DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ben D. Imhoff, Inc., appeals from the judgment of the Wayne County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On August 14, 2003, Appellant and Maibach Ford, Inc. ("Maibach Ford") entered into a contract whereby Appellant agreed to serve as the general contractor for the construction of a new building and site improvements ("Project") for Maibach Ford's new car dealership. On November 24, 2003, Appellant entered into a subcontract ("Agreement") with Appellee, Al Barto, under which Appellee agreed to provide painting services for the Project. Subsequently, Appellant informed Appellee that it no longer needed Appellee's painting services.
 {¶ 3} On August 3, 2004, Appellee filed suit against Appellant, alleging breach of the Agreement and against Maibach Ford, alleging tortious interference with contract. On October 15, 2004, Appellant and Maibach Ford filed a motion to compel arbitration and to stay the proceedings pending arbitration. The parties then unsuccessfully attempted to mediate their dispute. Appellee voluntarily dismissed this case on September 29, 2005 and refiled it on January 11, 2006. On February 14, 2006, Appellant filed a motion to compel arbitration and to stay the proceedings pending arbitration. On March 16, 2006, the trial court entered an order overruling Appellant's motion to compel arbitration. Appellant timely appealed from this order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING [APPELLANT'S] MOTION TO STAY PENDING ARBITRATION."
 {¶ 4} In its sole assignment of error, Appellant argues that the trial court erred by not staying all proceedings and referring the action to arbitration. We disagree.
 {¶ 5} When addressing whether a trial court has properly granted or denied a motion to stay proceedings and compel arbitration, the standard of review is abuse of discretion. Carter Steel Fabricating Co. v.Danis Bldg. Constr. Co. (1998), 126 Ohio App.3d 251, 254; Harsco Corp.v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} In MGM Landscaping Contractors, Inc. v. Berry (Mar. 22, 2000), 9th Dist. No. 19426 at *2, this Court noted that
 "[t]he law of Ohio favors arbitration as an alternative method of dispute resolution. Pursuant to R.C. 2711.02, a court may stay trial of an action `on application of one of the parties' if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement." (Internal citations omitted). Id., citing Austin v. Squire (1997), 118 Ohio App.3d 35, 37.
However, "arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit to arbitration." Teramar Corp.v. Rodier Corp. (1987), 40 Ohio App.3d 39, 40. Furthermore, an arbitration clause "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A).
 {¶ 7} Appellant contends that under the Agreement, Appellee's claims are subject to arbitration. "`The question of whether a controversy is arbitrable under * * * [a] contract is a question for the Court to decide upon an examination of the contract.'" Gibbons-Grable Co. v. GilbaneBldg. Co. (1986), 34 Ohio App.3d 170, 172, quoting Siam Feather ForestProducts Co. v. Midwest Feather Co. (S.D.Ohio 1980), 503 F.Supp. 239,241. Accordingly, we must examine the language of the Agreement.
 {¶ 8} The parties do not dispute that Appellant's contract with Maibach Ford contains an arbitration clause which requires Appellant and Maibach Ford to arbitrate any dispute arising out of their contract. Appellant points to the following two portions of the Agreement to support its contention that the Agreement incorporated the arbitration clause from its contract with Maibach Ford and that therefore, Appellant and Appellee are also required to arbitrate their disputes:
 "[T]he CONTRACTOR[1] has * * * entered into a contract with Maibach Ford, Inc, * * * to furnish all labor and materials and perform all work herein required for the construction of New Ford Dealership in strict accordance with the specifications, drawings, schedules, and addendas * * * which are made a part of said contract and which are now made a part of this Subcontract insofar as the [sic] apply, and the parties hereto desire to contract with references to a part of said work.
 "The Contractor shall have the same legal rights and privileges against the Subcontractor herein as the Owner has against the Contractor."
 {¶ 9} Appellant points to the provision above that provides the Contractor (Appellant) with the same legal rights and privileges against the Subcontractor (Appellee) as the Owner (Maibach Ford) has against the Contractor. Appellant reasons that because its contract with Maibach Ford gives Maibach Ford the right to demand arbitration of disputes arising out of its contract with Appellant, Appellant is permitted to exercise this same "legal right" to demand arbitration. We disagree.
 {¶ 10} The Agreement must be read as an entire document and must be construed so as to give meaning, if possible, to each provision. EI UKHolding, Inc. v. Cinergy UK, Inc., 9th Dist. No. 22326, 2005-Ohio-1271, at ¶ 14. In addition to the paragraph upon which Appellant relies, the Agreement also contains the above quoted provision which incorporates only the "specifications, drawings, schedules and addendas prepared by Mitchell Associates, Inc." into the "Subcontract insofar as the [sic] apply, and the parties hereto desire to contract with references to a part of said work." The Agreement contains no language indicating that the entire contract between Maibach Ford and Appellant is incorporated into the Agreement and further includes no reference to the arbitration agreement contained in Appellant's contract with Maibach Ford.
 {¶ 11} Had the parties intended to incorporate Appellant's arbitration agreement with Maibach Ford, they could have specifically done so. SeeGibbons-Grable Co., 34 Ohio App.3d at 175 (finding that subcontractor's agreement with contractor incorporated arbitration agreement from contractor's agreement with owner where the subcontract stated "[t]he contract documents consist of this agreement and * * * the agreement between the Owner and the Contractor"). However, the language in the Agreement is specific, and only incorporates the "specifications, drawings, schedules and addendas[.]" Appellant's contention that Appellee is bound to arbitrate its claims rests solely on the arbitration clause contained in its contract with Maibach Ford. Without specifically incorporating Appellant's contract with Maibach Ford into the Agreement, Appellant cannot assert the "legal right" to demand arbitration against Appellee.
 {¶ 12} Although the law favors arbitration of disputes, Appellee cannot be compelled to arbitrate this dispute if he has not assented to arbitration. Teramar Corp., 40 Ohio App.3d at 40. Here, we find no evidence that the Agreement specifically incorporated Appellant's contract with Maibach Ford and therein the arbitration agreement. Furthermore, we find no evidence that Appellee agreed to arbitrate any dispute arising from the Agreement with Appellant. Accordingly, we find no error in the trial court's decision to deny Appellant's motion to compel arbitration. Appellant's sole assignment of error is overruled.
 III. {¶ 13} Appellants' sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
[1] In the Agreement, "Contractor" refers to Appellant.
WHITMORE, P. J., CARR, J., Concur