DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Telsat, Inc. appeals from the denial of its motion to stay proceedings pending arbitration with Appellees Hudson Village Finance Company and Hudson Village Development Corp. ("Appellees") by the Summit County Court of Common Pleas. We affirm.
 {¶ 2} Appellant Telsat, Inc. is the lessee of real property located at 111 First Street, Hudson Ohio ("Premises"). The Premises is owned by Appellee Hudson Village Finance Corporation ("HVFC"), predecessor in interest to Appellee Hudson Village Development Corp. ("HVDC"). Appellant is in *Page 2 
possession of the property pursuant to a lease agreement with HVDC ("Lease"). Appellant contracted with Defendant David Lee Knight dba David Lee's Construction ("David Lee's") to perform construction work at the Premises. Appellant asserts that Mr. Knight failed to perform pursuant to the contract and ultimately abandoned the Premises. Appellant did not pay Mr. Knight for services rendered and Mr. Knight filed a mechanic's lien on the Premises. HVFC posted a bond releasing the Premises from Mr. Knight's lien.
 {¶ 3} On June 20, 2006, Appellant filed suit against Defendant David Lee's alleging claims for breach of contract, promissory estoppel, breach of good faith and fair dealing, and declaratory judgment asking the Court to find the mechanic's lien invalid. On August 10, 2006, Appellant filed an amended complaint asserting the same claims and adding HVDC as a defendant. On September 20, 2006, Defendant Knight filed an answer, counterclaim, cross claim and third party complaint asserting claims for breach of contract, account, fraud, and payment under Ohio's Prompt Payment Act against Appellant and claims for action on release of mechanic's lien and unjust enrichment/quantum meruit against Appellee HVDC and Cincinnati Insurance Company (the company that issued the bond to release the mechanic's lien). Each Defendant named by Defendant Knight answered Defendant Knight's September 20, 2006 pleading.
 {¶ 4} On October 12, 2006, Appellee HVFC, the current owner of the Premises, moved the court to intervene in the matter so as to protect its interest *Page 3 
and to assert various defenses and claims directly related to the Premises. Upon being granted permission to intervene, HVFC sought to file a counterclaim against Appellant for breach of the Lease and a third party complaint against George Stintsirmas and Caroline Mueller, as guarantors of Appellant's obligations under the Lease.
 {¶ 5} On October 18, 2006, Appellant filed a brief in opposition to HVFC s motion to intervene and/or requested the court to stay the proceedings pending arbitration. Appellant's brief in opposition asserted that the purpose of Civ.R. 24 would not be served were HVFC permitted to intervene and interject new claims and new parties to the already existing action. Moreover, Appellant asserted in its brief in opposition and in its brief to this Court that it had agreed with HVFC to resolve the dispute between them related to the Lease and guarantee through binding arbitration. HVFC replied to Appellant's brief in opposition, as it has in its brief to this Court, that the action should not be stayed because there is not a written agreement to arbitrate between Appellees and Appellant. HVFC s reply was supported by the affidavit of HVFC s attorneys who stated that they had engaged in general conversations related to the possibility of arbitration but that no agreement (written or otherwise) had been reached between HVFC and Appellant to arbitrate the dispute between them. On November 13, 2006, the court granted HVFC s motion to intervene and denied Appellant's motion for stay without analysis ("Judgment Entry"). *Page 4 
 {¶ 6} Appellant has timely appealed the Judgment Entry asserting one assignment of error.
 Assignment of Error "The trial court erred to the prejudice of [Appellant] when it denied the [Appellant's] motion to stay the proceedings pending arbitration of the disputes between [Appellee] HVFC, and [Appellant]."
 {¶ 7} Appellant asserts that it and Appellees agreed to arbitrate the dispute between them and that pursuant to R.C. 2711.02, the trial court was required to stay the proceedings pending arbitration. We disagree.
 {¶ 8} "Generally, when an appellate court determines whether a trial court properly denied a motion to stay proceedings pending arbitration, the standard of review is whether the trial court abused its discretion." Murray v. David Moore Builders, Inc., 9th Dist. No. 23257, 2006-Ohio-6751, at ¶ 6, citing Reynolds v. Lapos Const, Inc. (May 30, 2001), 9th Dist. No. 01CA007780, at *1. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. "However, when an appellate court is presented with purely legal questions, this Court will review [the trial court's] judgment de novo." Murray at ¶ 6, citingAkron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc. (1992),81 Ohio App.3d 591, 602. *Page 5 
 {¶ 9} R.C. 2711.02 states:
 "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 10} This Court has noted that "'[t]he law of Ohio favors arbitration as an alternative method of dispute resolution.'"Medallion Northeast Ohio, Inc. v. SCO Medallion Healthy Homes,Ltd., 9th Dist. No. 23214, 2006-Ohio-6965, at ¶ 7, quoting MGMLandscaping Contractors, Inc. v. Berry (Mar. 22, 2000), 9th Dist. No. 19426, at *2. "'Pursuant to R.C. 2711.02, a court may stay trial of an action * * * if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement.' (internal citations omitted)." Medallion at ¶ 7, citingAustin v. Squire (1997), 118 Ohio App.3d 35, 37 (Emphasis added).
 {¶ 11} Appellee asserts that there is no written agreement requiring arbitration and that the parties merely agreed to discuss the arbitration option. Ultimately, Appellee asserts, the parties could not agree on any of the terms of an agreement to arbitrate. The parties could not agree upon the scope of the arbitration, the issues to be arbitrated, whether the arbitration would be binding, the procedural guidelines, selection of an arbitrator, time and location of the *Page 6 
arbitration, and who would bear the costs of arbitration. Appellant asserts that all of the elements of a contract are present through correspondence and email. Appellant asserts that pursuant to R.C.2712.12, an arbitration agreement is deemed to be "in writing if it is contained in a document signed by the parties or in an exchange of letters, telex, telegrams, or other means of telecommunications that provide a record of the agreement." R.C. 2712.12.
 {¶ 12} This Court has held that "'[arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he has not agreed to submit to arbitration.'" Barto v. Ben D. Imhoff, Inc., 9th Dist. No. 06CA0025,2006-Ohio-6479, at ¶ 6, quoting Teramar Corp. v. Rodier Corp. (1987),40 Ohio App.3d 39, 40. "'The question of whether a controversy is arbitrable under * * * [a] contract is a question for the Court to decide upon an examination of the contract.'" Barto at ¶ 7, quotingGibbons-Grable Co. v. Gilbane Bldg. Co. (1986), 34 Ohio App.3d 170, 172
(citations omitted).
 {¶ 13} Thus, although pursuant to R.C. 2712.12, an agreement to arbitrate can be formed via correspondence and email, all of the elements of a contract must be present. "The necessary elements of a valid contract include `an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object of consideration.'" Brown v. Dillinger, 9th Dist. No. 05CA0040-M, 2006-Ohio- *Page 7 
1307, at ¶ 12, quoting Kostelnik v. Helper, 96 Ohio St.3d. 1, at ¶ 16. Moreover, "there must be a `meeting of the minds' as to the essential terms of the agreement." Brown at ¶ 12.
 {¶ 14} Appellant asserts that the parties agreed to arbitrate, which agreement is deemed to be "in writing" pursuant to R.C. 2712.12 in the following three documents: (1) a May 1, 2006 letter from counsel for Appellee to counsel for Appellant; (2) a June 30, 2006 memo from counsel for Appellee to Caroline Mueller, which was sent via email; and (3) Appellant's response to June 30, 2006 email memo and attachment.
 {¶ 15} In the May 1, 2006 correspondence, counsel for Appellee states:
 "In an effort to conclude amicably the dispute over the rental commencement date, HVDC is willing to submit this matter to binding arbitration. I request that you consider this option and contact me so that we discuss this alternative in greater detail."
 {¶ 16} In the June 30, 2006 memo, counsel for Appellee states that he is "providing you a list of some names of individuals which we believe would be able to be effective arbitrators. * * * [P]lease consider these individuals and give me a call to discuss this further." The memo contained a list of seven potential arbitrators.
 {¶ 17} In response to the receipt of the June 30, 2006 memo, Appellant replied via email as follows:
 "None of the people that you mentioned are agreeable to Telsat as Arbitrators. I would like to propose instead the following two judges who are very respected in NE Ohio, and could possibly be agreeable to HDVC *Page 8 
as well[.] * * * Once again we can split the judge's fee 50/50. Please discuss the aforementioned proposal with your clients, and contact me as soon as possible, in order to finally resolve the pending issues between HDVC and Telsat."
There was no further written communications between the parties on the issue of arbitration.
 {¶ 18} "Although the law favors arbitration of disputes, Appellee cannot be compelled to arbitrate this dispute if he has not assented to arbitration." Barto at ¶ 12, citing Teramar, 40 Ohio App.3d at 40. Here, we find no evidence that the parties contracted to arbitrate their dispute. There are only three writings Appellant contends form the agreement to arbitrate. A review of these documents demonstrates that the parties only agreed to discuss the option of arbitration, which agreement was stalled when the parties could not even agree upon an arbitrator. These three documents do not demonstrate an offer to arbitrate, which offer was accepted to the mutual legal benefit/detriment of the parties. The documents clearly do not evidence a meeting of the minds except, as stated above, to discuss the arbitration option. Accordingly, we find no error in the trial court's decision to deny Appellant's motion to stay proceedings pending arbitration.
 {¶ 19} Appellant's assignment of error is overruled.
 Judgment Affirmed. *Page 9 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
LYNN C. SLABY FOR THE COURT
 WHITMORE, J. MOORE, J. CONCUR *Page 1