[Cite as *Rettig v. Focht*, **2014-Ohio-5595.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY


John Rettig, et al.                                    Court of Appeals No. OT-13-029

       Appellees                            Trial Court No. 11CV677

v.

Douglas Focht                                    **DECISION AND JUDGMENT**

       Defendant                            Decided: December 19, 2014


[Ronald Miller and Debra Miller – Appellants]


* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a judgment of the Ottawa County Court of Common Pleas that denied appellants' motion for referral of this matter to arbitration. For the reasons that follow, we affirm the trial court.

**{¶ 2}** The undisputed facts relevant to the issues raised on appeal are as follows. On September 22, 2011, appellee John and Frances Rettig filed a complaint in the

Sandusky County Common Pleas Court alleging several counts of conspiracy to commit securities and common law fraud and unjust enrichment. Appellees' claims arose from an investment of $500,000 they made in an entity known as Glacial Cove LLC in 2007 for the development of lakeside condominiums along Lake Erie. Essentially, the plan called for Glacial Cove to purchase property appellants Ronald and Debra Miller owned along Lake Erie and build condominiums. Ronald Miller and defendant Douglas Focht (who is not a party to this appeal) agreed to make capital contributions to Glacial Cove totaling $750,000. Ronald Miller and Focht subsequently failed to make their contribution, although they obtained a $700,000 purchase-money loan from a bank, using Glacial Cove's newly-purchased property as collateral. Miller and Focht did not, however, put any of that money into Glacial Cove bank accounts and Glacial Cove never built the condominiums. Miller and Focht defaulted on their loan and the bank foreclosed on the lakefront property. Appellees ultimately lost more than $500,000 and filed the instant action.

{¶ 3} Subsequently, appellants moved for a change of venue to the Ottawa County Court of Common Pleas and the action was transferred to that court on December 21, 2011. Shortly thereafter, appellants entered into a stipulation waiving any defenses pertaining to service and obtaining an extension of time to answer. Appellants did not raise the issue of potential arbitration but filed separate answers on February 17, 2012. Thereafter, appellees took depositions, subpoenaed documents and propounded discovery. Appellants propounded discovery, responded to appellees' interrogatories and

2.

request for production of documents, and deposed appellees. The parties also participated in a case management conference on August 30, 2012, at which time deadlines were established for a pretrial conference and submission of all trial motions. Trial was scheduled for July 9-11, 2013. The record reflects that the issue of arbitration was not raised until April 1, 2013, when appellants filed a motion asking the court to stay proceedings and refer the matter to arbitration. Appellants requested arbitration pursuant to the operating agreement of Glacial Cove, LLC, claiming that all of appellees' allegations in the complaint originated out of said agreement. On April 3, 2013, a magistrate issued an order which stated that any objection to the request for a stay pending arbitration must be filed within 14 days if the relief sought was opposed.

{¶ 4} On April 9, 2013, appellees objected to the magistrate's April 3, 2013 order Appellees stated they intended to file a brief in opposition by April 23, 2013, which was the date they asserted had been discussed with the court in chambers at oral hearing the week prior. On April 18, 2013, the trial court set a briefing schedule on the arbitration issue which gave appellees until April 23 to file their brief in opposition and appellants until April 30 to file a reply. Appellees filed a timely brief, and on June 12, 2013, the magistrate granted appellants' motion to stay the case and refer it to arbitration, finding that "the written agreement between the parties upon which this action is based contains a valid arbitration clause * * *."

{¶ 5} On June 26, 2013, appellees filed an objection to the magistrate's order, asserting that appellants had waived arbitration by actively litigating the case. Appellees

3.

argued that, while the parties' written agreement contains a valid arbitration clause, the true issue is whether appellants waived arbitration by litigating the case without raising arbitration until "well into the case."

{¶ 6} The record reflects that appellants did not reply to appellees' objection. On September 4, 2013, the trial court denied appellants' motion for referral to arbitration filed April 1, 2013. Appellants filed a timely appeal.

{¶ 7} Appellants set forth the following sole assignment of error:

The Trial Court erred to the prejudice of the Defendants-Appellants both procedurally, and in substance, based on the laws of Ohio in overruling the Magistrate's Order of June 12, 2013 which ordered this matter to arbitration, by denying Appellants' request to proceed with arbitration as the laws of Ohio favor arbitration over litigation, and the burden was on the Appellees to show why arbitration should not be ordered.

{¶ 8} This court acknowledges and agrees that the laws of Ohio favor arbitration to settle disputes. *See, e.g.*, *Kelm v. Kelm*, 68 Ohio St.3d 26, 27, 623 N.E.2d 39 (1993). Contrary to appellants' claim otherwise, it is clear from the record that appellees supported their argument against arbitration by means of their two briefs in opposition filed April 23 and June 26, 2013.

{¶ 9} Appellants also argue that appellees' June 26, 2013 objection to the magistrate's June 12 order was untimely as they should have instead filed a motion to set

4.

aside the order pursuant to Civ.R. 53(D)(2), which would have been subject to a ten-day time limit. The record reflects, however, that appellants failed to raise this issue in the trial court when they had the opportunity, and in fact did not file a response to appellees' objection. "Errors which arise during the course of a proceeding which are not brought to the attention of the court by objection or otherwise are waived and may not be raised on appeal." *Meldrum v. Meldrum*, 6th Dist. Lucas No. L-02-1143, 2002-Ohio-6230, ¶ 10, citing *Stores Realty Co. v. Cleveland* , 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975). Thus, appellants failed to preserve this claimed error and we decline to address it.

{¶ 10} With respect to the substantive issue regarding waiver of arbitration, we find based on our review of the record that appellants acted inconsistently with the right to arbitrate set forth in the parties' agreement. "The right to arbitrate, like any other contractual right, may be implicitly waived." *Construction Technologies L.L.C. v. Southbridge Housing Partners, L.P.*, 6th Dist. Lucas No. L-06-1080, 2006-Ohio-6630, ¶ 12. As we stated in *Construction Technologies*, waiver is present when the waiving party knew of the existing right to arbitrate, and the totality of the circumstances demonstrate the party acted inconsistently with the known right. It is undisputed that appellants in this case knew of the arbitration clause in the relevant agreement. "Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." *Austin v. Squire*, 118 Ohio App.3d 35, 37, 691 N.E.2d 1085 (9th Dist. 1997), quoting *Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 113, 430 N.E.2d 965 (8th Dist. 1980). *See also Jones v. Honchell* , 14 Ohio App.3d 120, 122, 470 N.E.2d 219 (12th

5.

Dist. 1984) (when a defendant fails to raise the arbitration provision of the contract in an answer, he waives the right to submit the matter to arbitration).

{¶ 11} In this case, appellants filed an answer on February 17, 2012. Appellants did not move for a stay at that time or raise the matter in their answer.

{¶ 12} Given Ohio's public policy favoring arbitration, the party asserting that the right to arbitrate has been waived bears the burden of proving waiver. *Morris v. Morris*, 189 Ohio App.3d 608, 939 N.E.2d 928, ¶ 17 (10th Dist. 2010). A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right. *Id.* at ¶ 18.

{¶ 13} "The question of waiver is usually a fact-driven issue and an appellate court will not reverse the trial court's decision absent a showing of an abuse of discretion." *Morris* at ¶ 17. In determining whether the totality of circumstances supports a finding of waiver, a court may consider the delay, if any, by the party seeking arbitration to request a stay and the extent to which the party seeking arbitration has participated in the litigation. *Id.* at ¶ 18.

{¶ 14} In the case before us, we find that appellants did not dispute knowledge of the existing right to arbitrate. Further, based on the totality of the circumstances, appellants acted inconsistently with that known right when they filed an answer, successfully moved for a change of venue, and participated in discovery and case management conferences, all before requesting arbitration on April 1, 2013. Therefore, the trial court did not err in denying appellants' request for referral to arbitration.

6.

**{¶ 15}** Based on the foregoing, appellants' sole assignment of error is not well-taken.

**{¶ 16}** On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed.  Costs of this appeal are assessed to appellants.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                                               JUDGE
Thomas J. Osowik, J.           

                                             _____
James D. Jensen, J.                                          JUDGE
CONCUR.

                                             _____
                                               JUDGE

7.