[Cite as *Bank of Am. v. Telerico*, 2015-Ohio-4544.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, A NATIONAL BANKING ASSOCIATION, AS SUCCESSOR IN INTEREST BY MERGER TO MERRILL LYNCH CREDIT CORPORATION, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2015-P-0026** |
| | : | |
| Plaintiff, | : | |
| - vs - | : | |
| LOUIS A. TELERICO, et al., | : | |
| Defendant-Appellant, | : | |
| STIFEL BANK & TRUST CO., et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2011 CV 01105.

Judgment: Affirmed.


*Susan J. Lax,* 755 White Pond Drive, #403, Akron, OH 44320 (For Defendants-Appellants).

*Stephen T. Bolton* and *Thomas F. Hull, II,* Manchester, Newman & Bennett, 201 East Commerce Street, Level 2, Youngstown, OH 44503 (For Defendant-Appellee).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Louis A. Telerico, appeals the judgment of the

Portage County Court of Common Pleas, entering judgment in favor of defendant/cross-

claimant-appellee, Stifel Nicolaus & Company, Inc. The issues before this court are whether arbitration proceedings deprive a trial court of subject matter jurisdiction and whether judgment may be entered on a note, where default is based on the initiation of foreclosure proceedings and neither bond nor notice are given. For the following reasons, we affirm the decision of the court below.

{¶2} On August 23, 2011, Bank of America, as successor in interest by merger to Merrill Lynch Credit Corporation, filed a Complaint for Foreclosure & Other Relief in the Portage County Court of Common Pleas against Telerico, in his individual capacity and as trustee of the Elaine J. Telerico Trust and the Louis A. Telerico 2007 Amended and Restated Revocable Trust Indenture, Stifel Bank & Trust Co., Fifth Third Bank, the State of Ohio (Department of Taxation), and Dennis Gehrisch. Bank of America alleged, inter alia, that Telerico had "executed an Open-End Mortgage in favor of Bank of America in the amount of $3,000,000.00" and that Telerico "had breached the terms of the Open-End Mortgage."

{¶3} On November 28, 2011, Stifel Nicolaus & Company filed its Answer and Cross-Claim. In its cross-claim against Telerico, Stifel alleged the following:

> On or about January 14, 2010, Louis A. Telerico executed a Deed of Trust in favor of Stifel Bank & Trust, * * * which required him to pay to Stifel Bank & Trust Co. the sum of Four [Hundred] Thousand Dollars ($400,000.00). * * * On or about December 22, 2010, said Deed of Trust was assigned by Stifel Bank & Trust Co. to Stifel Nicolaus & Company, Inc. * * * By reason of the same, Defendant Louis A. Telerico is debted to Stifel

2

Nicolaus & Company, Inc. in the sum of Four Hundred

Thousand Dollars ($400,000.00) plus interest as provided for in

the Deed of Trust and the Assignment thereto.

{¶4} On February 21, 2013, Bank of America moved for summary judgment against Telerico.

{¶5} On April 15, 2013, the trial court granted Bank of America's Motion for Summary Judgment.

{¶6} On July 23, 2013, the trial court issued its Final Entry and Judgment in Favor of Plaintiff Bank of America.

{¶7} On August 22, 2013, Telerico appealed the Judgment under Portage App. No. 2013-P-0069.

{¶8} On September 4, 2013, Stifel filed its Motion for Summary Judgment against Telerico. In its Motion, Stifel presented evidence that Telerico had executed a Promissory Note for $500,000.00 in favor of Stifel Bank & Trust that had a current balance of $336,169.48, with accrued interest in the amount of $22,383.28. The Deed of Trust, subsequently executed by Telerico, secured this debt by creating a security interest in the property at issue in the foreclosure filed by Bank of America.

{¶9} According to a Change of Terms Agreement, modifying the Promissory Note, the following constituted an Event of Default:

Commencement of foreclosure * * * proceedings, * * * by any creditor of

Borrower [Telerico] * * * against any collateral securing the indebtedness.

* * * However, this Event of Default shall not apply if there is a good faith

dispute by Borrower as to the validity or reasonableness of the claim

3

which is the basis of the creditor * * * proceeding and if Borrower gives Lender [Stifel] written notice of the creditor * * * proceeding and deposits with Lender monies or a surety bond for the creditor * * * proceeding, in an amount determined by Lender, in Its sole discretion, as being an adequate reserve or bond for the dispute.

{¶10} On September 25, 2013, Telerico filed a Response to Summary Judgment Motion. Telerico argued the trial court did not have jurisdiction to rule on Stifel's Motion for Summary Judgment while his appeal of the grant of summary judgment in favor of Bank of America remained pending. Telerico further argued that he "was never in default of his payments on the mortgage" with Bank of America, and that Bank of America was "estopped to bring the foreclosure action under the equitable doctrines of *laches* and waiver."

{¶11} On October 7, 2013, the trial court granted Stifel's Motion for Summary Judgment.

{¶12} On February 10, 2014, this court dismissed Telerico's appeal of the summary judgment granted in favor of Bank of America for lack of a final order. This court determined that a final decree of foreclosure had not issued: "Here, the July 23, 2013 entry does not include any language to proceed with a foreclosure sale. At most, the trial court ruled that appellee had a valid lien on the property and was entitled to [a] future order of foreclosure. Hence, the July 23, 2013 entry appealed from is not a final appealable order, but rather is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid liens." *Bank of America v. Telerico*, 11th Dist. Portage No. 2013-P-0069, 2014-Ohio-434, ¶ 22.

4

**{¶13}** On March 17, 2014, Bank of America moved for leave to file an amended complaint. The trial court granted leave on April 23, 2014. The Amended Complaint added the following defendants: the United States of America (Department of Taxation) and Five Star Landscaping.

**{¶14}** On April 16, 2014, Stifel filed its Answer and Cross-Claim to the Amended Complaint.

**{¶15}** On June 11, 2014, Telerico filed his Answer to the cross-claim.

**{¶16}** On September 19, 2014, Bank of America moved for summary judgment.

**{¶17}** On November 13, 2014, Stifel filed a Reply in Support of Summary Judgment. Stifel explained that the October 7, 2013 decision granting summary judgment in Stifel's favor "has not been reversed and no material issue of fact or law has been presented in any subsequent filings that warrant any alteration of that judgment." Stifel acknowledged the ongoing litigation between Bank of America and Telerico, but "believe[d] that any attempt by Telerico to re-litigate his case as it concerns Stifel's claims is improper." Thus, Stifel prayed the trial court "that the Summary Judgment decision of October 7, 2013 remain the law of this case and not be subject to re-litigation by Telerico."

**{¶18}** On March 4, 2015, the trial court denied Bank of America's Motion for Summary Judgment.

**{¶19}** Also on March 4, 2015, the trial court entered Final Judgment in Favor of Defendant/Cross-Claimant Stifel Nicolaus & Company, Inc., including the finding that "there is no just reason for delay."

**{¶20}** On April 2, 2015, Telerico filed a Notice of Appeal.

**{¶21}** On appeal, Telerico raises the following assignments of error:

**{¶22}** "[1.] The trial court lacked subject matter jurisdiction to adjudicate this matter."

**{¶23}** "[2.] Summary judgment for Stifel is inappropriate as a matter of law where it was denied to Bank of America."

**{¶24}** Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

**{¶25}** A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court." (Citation omitted.) *RBS Citizens, N.A. v. Struharik*, 11th Dist. Trumbull No. 2014-T-0111, 2015-Ohio-2612, ¶ 11.

**{¶26}** In the first assignment of error, Telerico asserts that, during the pendency of the underlying litigation, he "became involved in a FINRA arbitration related to these matters." Telerico "avers that the arbitration issue, when raised before the trial court,

6

will demonstrate that Stifel's claims are subject to arbitration, thereby divesting the Common Pleas court of jurisdiction." Appellant's brief at 4.

{¶27} Stifel counters that "Telerico has failed to put any evidence whatsoever regarding FINRA arbitration between Telerico and Stifel into the trial court's record, and Telerico has never sought to supplement the record with any such evidence." Appellee's brief at 5.

{¶28} Telerico responds that "subject matter jurisdiction can never be waived as a matter of law."

{¶29} Telerico's argument is wholly without merit. It is well-established in Ohio law that the right to arbitrate is waived if not raised in the course of litigation. *Chrysler Fin. Servs., Americas, LLC v. Henderson*, 4th Dist. Athens No. 11CA4, 2011-Ohio-6813, ¶ 24-39. More specifically, a defendant's failure to request a stay or plead arbitration in the answer constitutes a waiver of the right to arbitrate. *Rettig v. Focht*, 6th Dist. Ottawa No. OT-13-029, 2014-Ohio-5595, ¶ 10 (cases cited); *Kellogg v. Griffiths Health Care Group*, 3rd Dist. Marion No. 9-10-59, 2011-Ohio-1733, ¶ 17.

{¶30} It follows that, if the right to arbitrate can be waived, arbitration does not divest a trial court of its subject matter jurisdiction.

{¶31} A "court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." R.C. 2305.01. Thus, the trial court in the present case had subject matter jurisdiction over Stifel's claim of indebtedness against Telerico. Assuming, arguendo, that Stifel's claim was subject to arbitration, this fact would have no bearing on the trial court's subject matter jurisdiction. "[C]ourts of common pleas have original jurisdiction over

7

most civil matters and that jurisdiction is not affected by the fact that certain issues are subject to arbitration." (Citation omitted.) *Pappas v. Richmond Towers LLC*, 8th Dist. Cuyahoga No. 94558, 2011-Ohio-5249, ¶ 8.

**{¶32}** The first assignment of error is without merit.

**{¶33}** Under the second assignment of error, Telerico argues that the trial court's denial of summary judgment to Bank of America precludes judgment in favor of Stifel under the Change of Terms Agreement, which provides that the initiation of foreclosure proceedings does not constitute default where "there is a good faith dispute" regarding the merits of the foreclosure action. As with his arbitration claim, Telerico's argument based on the Change of Terms Agreement was not raised in the court below.

**{¶34}** Stifel correctly points out that, according to the same Change of Terms Agreement, a "good faith dispute" regarding the merits of the predicate foreclosure action only precludes default "if Borrower gives Lender written notice of the * * * proceeding and deposits with Lender monies or a surety bond * * *, in an amount determined by Lender, in Its sole discretion, as being an adequate reserve or bond for the dispute."

**{¶35}** In the present case, Telerico has demonstrated a good faith dispute as to whether he is in default to Bank of America and Stifel received notice as a named defendant in the foreclosure action. However, there is no evidence that Telerico has deposited monies or a surety, tendered such monies or surety, or otherwise taken any action in an effort to comply with the clear and unambiguous conditions of the Change of Terms Agreement relative to avoiding default.

**{¶36}** The second assignment of error is without merit.

8

{¶37} On May 22, 2015, Stifel filed a Motion to Dismiss Appeal and for Sanctions, pursuant to Appellate Rule 23, Civil Rule 11, and Revised Code 2323.51.

{¶38} On June 12, 2015, Telerico filed a Motion in Opposition.

{¶39} On June 29, 2015, this court denied the Motion to Dismiss, and deferred ruling on "whether cost sanctions should be imposed * * * pending the merits of this appeal."

{¶40} Having considered the merits of the appeal, we determine the present appeal to be frivolous in that it presents no reasonable question for review. *Cominsky v. Malner*, 11th Dist. Lake No. 2005-L-108, 2006-Ohio-6205, ¶ 43-46.   Both of Telerico's assigned errors raised issues for the first time on appeal.  Both assignments of error relied on allegations without factual foundation in the record.  With respect to the arbitration argument, there was no evidence in the record of arbitration having occurred.  With respect to the default argument, there was no evidence that certain conditions precedent in the Note were satisfied so as to allow Telerico to avoid default.  Telerico responds that subject matter jurisdiction may be raised at any time, but fails to explain how the arguments raised under either assignment of error implicated the trial court's subject matter jurisdiction.

{¶41} Accordingly, Stifel's Motion for Sanctions is granted.   Pursuant to Appellate Rule 23, Stifel is entitled to reasonable expenses, including attorney fees and costs.  In accordance with Civil Rule 53(D)(1)(a), this matter is referred to this court's magistrate for a determination of the amount of reasonable expenses to be assessed against appellant and appellant's counsel.

{¶42} For the foregoing reasons, the Judgment of the Portage County Court of Common Pleas, granting Stifel's Motion for Summary Judgment, is affirmed. The parties are hereby ordered to appear by telephone at an evidentiary hearing to determine the amount of reasonable expenses, which shall be conducted by Magistrate Shibani Sheth-Massacci at a time and date determined by the magistrate.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.